Thurmond vs. Horton.

No. 71.—SAMUEL P. THURMOND, plaintiff in error, vs. JOHN HORTON, defendant.

[1.] Under the Act of 1767, which declares that when in actions of slander the damages assessed shall be less than 40 shillings, the plaintiff shall recover no more costs than damages: *Held*, that the value of forty shillings, in dollars and cents, is to be determined according to the rate at which dollars were estimated in shillings and pence, at the time when the Act was passed, that is, at the rate of 4 shillings and 8 pence; and that the sum prescribed by that Act is eight dollars and 57 cents and a fraction of a cent.

[2.] *Held*, that in actions of slander, when the verdict is for a sum less than forty shillings, it is not competent for the defendant to have judgment against the plaintiff for his costs, incurred in defence of the action.

Illegality, in Jackson Superior Court. Decided by Judge JAMES JACKSON, August Term, 1851.

Samuel P. Thurmond sued John Horton in an action on the case, for slanderous words, which was tried on the appeal, and a verdict for five dollars damages returned by the Jury. Whereupon, plaintiff entered judgment for the costs of suit against the defendant, on which execution was issued, and defendant filed his affidavit of illegality thereto, on the ground that the verdict was for a sum less than forty shillings, and that therefore, the plaintiff, under the Statutes of Georgia, could have no more costs than damages.

The Court sustained the affidavit of illegality and set aside the execution. On which, defendant, having paid five dollars for the damages and the same for costs, moved an order allowing him to enter judgment against the plaintiff for the costs incurred by the defence of the suit, which order the Court granted.

Plaintiff excepts to the decision of the Court on both questions, and by consent of parties both were brought up at once by bill of exceptions.

HULL, for plaintiff in error.

PEEPLES and UNDERWOOD, for defendant.

Thurmond *vs.* Horton.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The verdict is for *five dollars*, and the plaintiff in error contends that he is entitled to his full costs, notwithstanding the Act of 1767, which declares that when the damages assessed in actions of slander are less than *forty shillings*, the plaintiff shall recover no more costs than damages.  *Prince*, 576.

He insists that *five dollars* is not less than *forty shillings*. If this be true, he is entitled to full costs, for then he is not within the prohibition of the Act of 1767.   His argument is this, to wit: By the Act of 1794, the Legislature has fixed the value of the dollar at 8 *shillings and* 4 *pence*, and that being true, *five dollars* is not less than 40 *shillings*, and he is not precluded from full costs by the Act of 1767.   But we think that the Act of 1767 is not at all affected by the Act of 1794.   The objects of these Acts are essentially different.   The Act of 1794 does not declare that when verdicts in actions of slander are rendered in dollars and cents, that then they are to be valued in shillings, at the rate of 8 *shillings and* 4 *pence* to the dollar—it has no express reference to the Act of '67.   Nor is the Act of '67 repealed or modified by the Act of '94, by implication.  *Prince*, 156.   Both of these Acts are to stand for the definite purposes for which they were passed.   The latter Act, to wit: the Act of '94, provides " that from and after the first day of July thereafter, a Spanish milled dollar shall pass and be received in payment of debts which may be contracted by or with any person or persons within this State, and in payment of all taxes that may be laid or assessed after the present session, at the rate of 8 *shillings and* 4 *pence*, and all other coins in the same rate and proportion." The Legislature intended to do no more by this Act than to say that in the payment of taxes and of debts, a Spanish milled dollar should be taken at so many shillings and pence to the dollar. It declares the rate of the dollar in payment of taxes and debts, in shillings and pence.   Before that Act, the Spanish milled dollar passed at the rate of 4 *shillings and* 8 *pence ;* it therefore altered very materially the current rate of the dollar in shillings

Thurmond *vs.* Horton.

and pence. But what has this to do with the *amount of verdicts* in actions of slander? The object of the Act of '67, was to determine the *amount* of the verdict in such actions, which should carry with it full costs against the defendant, or to fix an *amount*, below which the verdict falling, the plaintiff should have no more costs than damages. This amount is declared in shillings, and *forty shillings* is the sum.

During our colonial state, the currency was counted in pounds, shillings and pence, as in the parent State, whilst no doubt, a large amount, if not the largest amount of money in circulation was the coinage of Spain——the Spanish dollar, more particularly. Its value in British currency is now, and was no doubt, in 1767, in England, equal to four shillings and six pence. At this time in Georgia, one dollar in Federal money, that is, 100 cents, is equal to four shillings and 8 pence —that is, it is estimated at two pence higher in shillings and pence, than it is in Great Britain. So it was estimated in South Carolina and Georgia, so far as I can learn, in 1767. The difference between the value of the dollar, in shillings and pence, in 1767, in this country and Great Britain, is to be attributed, no doubt, to the scarcity of that coin here, relatively to England. Commercial necessity, no doubt, gave rise to the difference, and usage made it a monetary law. Whatever may be the origin of it, and in this case that is not material, the fact is unquestionable that then and now we count the Spanish dollar in shillings and pence, at four and eight pence. It was in this light that the Legislature must have understood the matter when they passed the Act of 1767. And when we would reduce forty shillings into dollars and cents, we must do it as they would then have done it, at the rate of four shillings and eight pence to the dollar. Forty shillings at that rate, amounts to the sum of eight dollars and fifty-seven cents, and a fraction of a cent. That is the sum to which, in 1767, the verdict must have reached to entitle the plaintiff to full costs. That is still the sum. No legislation has since changed it. The Act of '94 alters the value in shillings and pence of the Spanish dollar, but because it does so alter it, can it be inferred that they intended to reduce

the amount of verdicts in actions for slander, which should carry full costs? By no means. It does not follow because that amount is declared in shillings, that legislation about the rate at which the dollar should pass in shillings and pence, affects it. If it had been declared in dollars, the amount would no more remain the same than it does under the designation of shillings, until changed by law. In 1767, and now, upon these principles, five dollars is less than forty shillings, and the plaintiff is entitled to no more costs than damages. Upon this assignment the judgment of the Court below must stand.

[2.] The defendant below having paid the damages and the same amount as costs, moved the Court for an order allowing him to enter up judgment against the plaintiff for his costs incurred in defence of the action, which was granted, and by consent, this ruling comes up also for review. We know of no law to authorize this judgment. It is not allowed by the Act of 1767, or any general law, so far as we are advised. The power to award it does not follow a denial of the costs to the plaintiff. In the absence of any legislation upon the subject, we are compelled to reverse this order. Whether the defendant after paying his cost, may not recover it in an action out of the plaintiff, is a question not made, and not now determined.

Let the judgment be reversed on the last ground only.