## HUTTO v. SOUTH BOUND R. R. CO.

1. RAILROAD CROSSING—SIGNALS—NEGLIGENCE.—If a person resting on a crossing of a highway across a railroad track is killed there by reason of failure of railroad agents to give the signals required by Rev. Stat., 1685, the provisions of Rev. Stat., 1692, applies. MR. CHIEF JUSTICE McIVER *dissents. Neely* v. *R. R.,* 33 S. C., 139, and *Hale* v. *R. R.,* 34 S. C., 299, *distinguished from this.*

2. IBID.—IBID.—NONSUIT.—Where the facts are that the deceased was killed on the crossing of a highway across a railroad track, that the railway company ran its trains over the crossing in the night time without any signals and there being nothing to show that deceased would have been killed notwithstanding failure of company to give warning, nonsuit should not have been granted, but case should have been sent to jury under common law negligence.

Before GAGE, J., Bamberg, April term, 1900. Reversed.

Action for damages for negligently killing Lucius Hutto, by Carrie Hutto, administratrix, against South Bound R. R. Co. From judgment of nonsuit, plaintiff appeals.

*Messrs. H. S. Dowling, Howell, Gruber & Bostick,* for appellant, cite: 25 S. C., 61; 52 S. C., 323; 58 S. C., 70, 222.

*Messrs. C. J. C. Hutson* and *L. F. Izlar,* contra. The former cites: 33 S. C., 138; 34 S. C., 299; 59 S. C., 87, 433.

September 7, 1901. The opinion of the Court was delivered by

Mr. Justice Jones. This is an appeal from an order of nonsuit in an action for damages for wrongful act causing the death of plaintiff's intestate. The "Case" states the following: "The testimony on the part of plaintiff showed that the deceased was struck and killed by a passing locomotive and train of cars on defendant's railroad, operated by the lessees of defendant, at a public crossing in Bamberg County, to wit: the crossing of the Barnwell and Bamberg public highway, one of the main thoroughfares of this county, on the night of September 20th, 1899, between the hours of 10 and 11 o'clock. It appeared from the testimony, that the deceased had been spending the evening at a house in the neighborhood with a number of young negroes, and on departing to go home had gone with his companions along the said highway for some distance up to and upon the said crossing, where the company separated, some going on and leaving the deceased sitting or standing on the crossing, with the intention of going no further, but of returning along the said highway to his own home. That, as appears from the said testimony, the said locomotive and train, *i. e.,* the agents and employees of defendant's lessees in the operation and control thereof, neither blew the whistle nor rang the bell, nor gave any signal for the said crossing or otherwise, until after crossing had been passed and the deceased struck, when the train was caused to stop and back to the crossing for the purpose of taking on the deceased, who died in a few hours thereafter from injuries caused by the collision. There was no testimony as to what deceased was doing at the time of the collision, which happened before his departing companions got more than a half to three-quarters of a mile away from the crossing. The foregoing is so much of the substance of the testimony as relates to the issues involved in the motion for nonsuit."

The Circuit Court considered the action as based wholly upon sections 1685 and 1692, Revised Statutes, and accord-

ing to his construction of the statute it was not designed to cover the case of an injury to a person on the crossing who had no intention to cross, and since the testimony showed that the deceased did not intend to cross, the nonsuit was granted.

We think there was error, for two reasons: (1) that the statute covers the case stated, and (2) independent of the statute, the case should have been submitted to the jury as an action for common law negligence. The statute provides, sec. 1692: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this article, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine, recoverable by indictment, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury." Sec. 1685 provides that "the bell shall be rung or the whistle sounded by the engineer or fireman at the distance of at least five hundred yards from the place where the railroad crosses any public highway or street or traveled place, and be kept ringing or whistling until the engine has crossed said highway or street or traveled place, &c." The intention of the statute is to be first ascertained from its language. The statute in terms covers every injury to persons or property by *collision* with the engine or cars of a railroad company *at a crossing.* There must be an actual collision—*Kinard* v. *R. R. Co.,* 39 S. C., 517—and such collision must be *on the crossing,* not merely near to the crossing—*Nealy* v. *R. R. Co.,* 33 S. C., 139; and the crossing must be a "traveled place"—*Hale* v. *R. R. Co.,* 34 S. C., 299. The statute makes no distinction between persons who contemplate

32—61

crossing completely and those who, for reasons satisfactorily to themselves, contemplate a partial crossing; and we fail to see a reason why one intending to use an inch of the crossing, or all but an inch of the crossing, should not come within the statute as well as one intending to use the whole length of the crossing, provided he is injured on the crossing by a collision with the railroad's engine or cars. To illustrate, suppose a traveler on a highway should accidentally drop a package between the rails of the railroad track on a crossing, and after passing over should, on looking back, discover the package between the rails, and should then return to pick up the package with no intention whatever of crossing the track completely; and suppose while regaining the package he is injured by a collision with engine or cars of the railroad company, without signal or warning, would not such a case be within the statute? Or suppose that one is traveling a highway with the intention, when he reaches the railroad crossing, to pass up or down the railroad track without crossing over, and is struck by the engine or cars while on the crossing, without signal or warning, would not the statute cover such a case? If not, why not? If an intention to cross has anything to do with the question, why is not an intention to cross in part as effective to bring within the statute as an intention to cross in whole, provided the collision takes place on the crossing?

We do not regard the case of *Neely* v. *R. R. Co.*, 33 S. C., 139, as conflicting with this view. In that case, the point decided was that the words of the statute, *"at a crossing,"* did not mean *near* a crossing, but *on* a crossing, and, therefore, the killing of a cow by a collision ten or twenty steps from the crossing, was not within the statute. The following language by the Court in that case has doubtless given rise to the view of the Circuit Court: "Now there can be no doubt but that the object of these sections was to prevent collisions which might occur between persons attempting to cross the track of the railroad and the locomotive and cars approaching the crossing at the same moment, and the pro-

visions of the act did not include, nor was the act intended to include, injuries inflicted upon bystanders not intending to cross, or upon cattle that happened to be killed or injured pasturing nearby, *but not upon the crossing,* or using it to pass from one side to the other." The case then being considered was, as stated, the case of cattle killed by collision with the railroad cars some ten or twenty steps from the crossing. The language used plainly imports that the killing of cattle by collision *upon a crossing* would be within the statute, although the cattle was not using the crossing to cross over the track. Further, when the Court said, "the act was not intended to include *bystanders not intending to cross,"* the Court meant persons standing near by the crossing, and did not have in mind the case of a person on the crossing with intention to use only a part of the crossing. Undoubtedly, the object of the statute was to prevent injury to person or property by collision at a crossing between person or things using the highway and the engine or cars of the railroad company on the track, and this purpose can best be effectuated by holding that such injury inflicted by collision on the crossing is within the statute, without regard to the extent to which the person injured intended to use the highway crossing.

The case of *Hale* v. *R. R. Co.,* 34 S. C., 299, while it approved the language in Neely's case, *supra,* was concerning an injury in the private yard of the railroad company and not upon any traveled place, and hence is no authority against the construction here given. Other subsequent cases have approved the construction of the statute as made in Neely's case, but as shown, there is no conflict with the view that the case now presented comes within the statute.

But if we are in error in this view, still the nonsuit was improper, because the action is sustainable as for negligence at common law. The allegations of the complaint in reference to the negligence complained of is that defendant "carelessly, negligently and in reckless disregard of the safety of travelers along said highway, failing

to give the signal required by law on approaching a crossing, without sounding the whistle or ringing the bell, and as a consequence of said careless, negligent and reckless operation and management of said train in failing to give proper signals as aforesaid, and in general an utter failure to observe any proper caution and care for the safety of the deceased and others passing along said highway, collided, &c." The common law requires the giving of such signals at a highway crossing as are reasonable in view of the situation and surroundings, to put individuals using the highway on their guard. *Murray* v. *R. R. Co.*, 10 Rich., 232; *Kaminitsky* v. *R. R. Co.*, 25 S. C., 61; *Kinard* v. *R. R. Co.*, 39 S. C., 516. It appeared from the testimony that the deceased was upon the crossing when killed by collision with defendant's train, that no whistle was blown, no bell was rung, nor any signal given of the train's approach to the crossing; that said crossing was upon one of the main thoroughfares of Bamberg County, and that the time of the collision was night, and there was nothing in the testimony to show that the deceased would have been killed notwithstanding the failure to give warning of the train's approach. Independent, therefore, of the statute, the testimony was sufficient to carry the case to the jury, whose province it is to determine whether the failure to give any signal or warning was want of ordinary care, under the circumstances, and whether such negligence, if found to exist, was a proximate cause of the injury.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE McIVER *concurs in the result on the second ground.*