GRAHAM *et al. v.* CITY OF BAXLEY, and *vice versa.*

1. Objections to evidence, made in grounds of a motion for a new trial, can not be considered when the evidence is not set out in the motion or attached thereto as an exhibit, but reference is made to the brief of evidence to indicate what evidence is the subject of objection.

2. When a document purporting to be a brief of evidence is extensively interspersed with statements and arguments of counsel and rulings of the court on evidence, and has attached thereto long documents which have not been briefed, and it is not material to any question made in the case that the documents should be set out in extenso, the paper will not be treated by this court as a brief of evidence, and no question made in the record which is dependent upon the evidence will be decided.

3. Where the undertaking of an official bond is to pay over to the persons authorized to receive it all money collected by the official by virtue of his office, the sureties on the bond are liable, up to the amount of the bond, for the failure of the official to pay over money which he has collected, even though he may have previously collected and paid over a sum greater than the amount of the bond. The undertaking of the sureties is to see that the official pays over *all* money which he collects, and their liability does not cease when an amount equal to the penal sum named in the bond is collected and paid to the proper authorities.

4. The bill of exceptions sued out by the plaintiff in the court below, whether treated as a main or cross-bill of exceptions, was certified in due time, and no sufficient reason has been shown for dismissing the writ of error thereon.

5. In cases brought in the city court of Baxley for the principal sum of one hundred dollars or less, the defendant is not liable to pay more than justice-court costs; but there is no provision, either in the act establishing that court or in the general law of the State, authorizing a judgment to be entered against the plaintiff for the difference between justice-court costs and what would have been the usual city-court costs in the case.

Submitted January 13,—Decided February 7, 1903.

Action on bond. Before Judge Carter. City court of Baxley. February 28, 1902.

*W. W. Bennett,* for Graham et al. *J. H. Thomas,* contra.

COBB, J. The City of Baxley brought suit in the city court of Baxley against Graham and the sureties upon his official bond as marshal, and recovered a judgment for $100. The case is here upon a bill of exceptions sued out by the defendants, complaining of a judgment overruling a motion for a new trial, as well as of a judgment refusing to allow an amendment to their plea; and upon a bill of exceptions filed by the plaintiff, complaining of a judgment taxing it with a portion of the costs in the case.

1. The question of practice dealt with in the first headnote is so well settled that we do not deem it necessary to even cite the latest decisions on the subject.

2. In reference to the question dealt with in the second head-note, see *Equitable Mortgage Compang* v. *Bell*, 115 *Ga*. 651, and case cited.

3. Error is assigned upon the refusal of the court to allow an amendment to the plea of the sureties. The amendment alleged that the official bond of the principal defendant was for only $100, and that the plaintiff had allowed him to collect, by virtue of his office, more than this amount; which increased the liability of the sureties in this way: The principal was permitted to collect and have in hand a sum in excess of $200, and these defendants were sureties for only $100, and plaintiff credited the payments made on its account against the principal, so as to keep the amount secured by the bond until the last, and thus make the sureties responsible for the whole sum of $100. The meaning of this amendment is not altogether clear, but we construe it as setting up that the sureties were liable for the first hundred dollars which their principal collected as city marshal, and that when he paid this amount into the city treasury their liability as sureties ceased. This was not the undertaking of the bond. In that instrument the marshal undertook to well and truly perform all the duties of the office, and to well and truly pay over to the proper authorities all moneys collected by him as marshal; and the sureties undertook to see that this was done. The marshal had authority to collect the moneys, and the city had a right to call him to an account; and whenever he was called to an account and failed to pay over the moneys collected, he was liable to the city for any balance that might be due by him. The sureties were also liable for such balance, provided it did not exceed $100, the penal sum named in the bond. An official bond of this character would be worth little to the public if it should be so construed as to mean that the sureties were discharged from liability as soon as the officer had collected and paid over an amount equal to the penal sum of the bond. Such a construction would require a new bond to be given every time an amount equal to the penalty passed through the hands of the officer. We see no error in refusing to allow the amendment to the plea filed by the sureties.

4. There was a motion to dismiss the writs of error on both bills of exceptions. We have reached the conclusion that the judgment complained of in the bill of exceptions sued out by the defendants should be affirmed, and therefore it is not necessary to rule on the questions raised in the motion to dismiss the writ of error on this bill of exceptions. As we have reached the conclusion that there must be a reversal of the judgment on one of the assignments of error made in the bill of exceptions filed by the plaintiff, it becomes necessary to consider the motion to dismiss the writ of error on that bill of exceptions. In that bill of exceptions complaint is made that the court erred in taxing a portion of the costs of the case against the plaintiff, and in overruling a motion to dismiss the motion for a new trial filed by the defendants. The motion to dismiss this writ of error was based on several grounds. It is contended that the bill of exceptions is brought as a cross-bill when it should have been sued out as a main bill, and that, treating it as a main bill, it was not sued out within thirty days from the date of the judgment complained of. It is not necessary to determine whether this bill is a main or a cross-bill of exceptions, as, without regard to whether it be treated as the one or the other, it was sued out in due time. The judgment complained of was rendered on February 6, 1902, and exceptions pendente lite were duly certified, complaining of this judgment. As long as the motion for a new trial was pending, the plaintiff could not bring the judgment to this court by main bill of exceptions. It was therefore proper to file exceptions pendente lite, and the bill of exceptions assigning error on the exceptions pendente lite was sued out within thirty days after the motion for a new trial was overruled.

It is further contended that the writ of error should be dismissed because the bill of exceptions assigns error upon judgments in two cases. This ground is not well taken, for the reason that while error is assigned upon two judgments, each of them was rendered in the same case. There was no merit in that ground of the motion which complains that there was no proper assignment of error in the exceptions pendente lite.

5. The act establishing the city court of Baxley provides that " in all cases brought in said city court for the principal sum of one hundred dollars or less, the defendant shall not be liable to pay more than justice-court costs." Acts 1897, p. 420, sec. 2. The

suit in this case was for $100, and therefore, under the terms of the act, the defendants were not liable to pay more than justice-court costs. The court entered judgment against the plaintiff for the difference between justice-court costs and what would have been the usual city-court costs in such cases. This judgment is assigned as error by the plaintiff. There is nothing in the act which in terms authorizes such a judgment to be entered. It is clear, of course, that the defendants are not to be taxed with an amount exceeding the sum which would have been due as costs if the case had been brought in the justice's court, but as to the method to be pursued as regards the balance of the costs due the officers of court the act is altogether silent. In the case of *Thurmond* v. *Horton*, 10 *Ga.* 500, it was held that, under the act of 1767, which declared that when in an action of slander the damages assessed were less than forty shillings the plaintiff should recover no more costs than damages, when the verdict was for less than forty shillings the defendant could not have judgment entered against the plaintiff for his costs incurred in defending the action. It appeared in that case that the defendant had paid the damages assessed, and the same amount as costs, and moved the court for an order allowing him to enter judgment against the plaintiff for his costs, which was granted. Judge Nisbet in the opinion says: "We know of no law to authorize this judgment. It is not allowed by the act of 1767, or any general law, so far as we are advised. The power to award it does not follow a denial of the costs to the plaintiff. In the absence of any legislation upon the subject, we are compelled to reverse this order. Whether the defendant after paying his cost may not recover it in an action out of the plaintiff is a question not made, and not now determined." In the case of *Hardin* v. *Lumpkin*, 5 *Ga.* 452, there was no question raised as to the right of the defendant to enter up judgment against the plaintiff for the difference between the amount of the damages and the total sum due as costs. It seems to us that the present case is controlled in principle by the ruling made in *Thurmond* v. *Horton*. When the General Assembly came to deal with a similar question in cases brought in the superior court for amounts less than fifty dollars, it was distinctly provided, not only that the defendant should not be charged with more costs than would have accrued if the suit had been brought in a justice's court, but also that the remainder of

the court charges should be paid by the plaintiff or retained out of the sum recovered by him, and, if that was insufficient, that judgment should be entered by the court against the plaintiff for the balance of the costs.    Civil Code, § 5388.    If there is any other law in this State authorizing a judgment to be entered up against the plaintiff in a case where he prevails, other than the one just referred to, we have not had our attention called to it.    It would seem that a judgment of this character could be entered only under authority of an express law.    Whether it was intended that the officers should lose the difference between the justice-court costs and the ordinary city court costs, or whether the plaintiff was to be liable for that difference but suit had to be brought against him by the defendant for the use of the officers of court, we do not now decide ; the ruling being simply that the defendant can not have judgment in this case entered against the plaintiff for the difference between the two classes of costs.

*Judgment on main bill of exceptions affirmed; on cross-bill reversed.    By five Justices.*