## WALL *et al. v.* MERCER.

1. What purports to be the evidence introduced in this case before the judge on an application for injunction, consisting of numerous affidavits and other papers, being set forth in full as exhibits to the bill of exceptions, without any attempt to abbreviate or brief the same, this court will not consider any assignment of error which is dependent upon the evidence.

2. Joint trespassers residing in different counties may be sued for damages in the county of the residence of either; and joint wrong-doers who reside in different counties, who are insolvent and who threaten to commit trespasses, may in a proper case be enjoined from the commission of such wrongs, in one petition brought in the county of the residence of any one of them.

3. The allegations of the petition were of such a character as to authorize the granting of the injunction which is complained of.

Argued December 18, 1903. — Decided January 12, 1904.

Injunction. Before Judge Sheffield. Terrell superior court. September 21, 1903.

*W. H. Gurr, H. A. Wilkinson,* and *Perry & Tipton,* for plaintiffs in error. *M. C. Edwards* and *J. R. Irwin,* contra.

COBB, J. This was an application for an injunction. Mercer filed his petition, addressed to the superior court of Terrell county, against Melton Hay, alleged to be a resident of that county, John M. Wall, whose place of residence was alleged to be unknown, "on account of the fact that he is a bird of passage, alternating between Terrell and Worth counties," and M. Powell, alleged to reside in Terrell county. The petition sets forth that Mercer was the owner of a tract of land containing forty acres, situated in Terrell county, and that Wall, without any pretense of right, set up claim of title to the same property. The petition alleges in great detail negotiations between Mercer and Wall, which it is claimed resulted in the purchase, by Mercer from the wife of Wall, of a tract of land which embraced the forty acres in dispute. It was alleged that Hay, Wall, Powell, and other persons not named had colluded to drive the tenant of Mercer, from the property in dispute and take possession of the same; that these parties had actually taken possession of a house located on the tract of land; that they threaten to shoot Mercer's tenant if he attempts to enter the house, keep weapons on the premises, have issued a number of warrants for the tenants, and misuse and maltreat them continuously; that Hay, Wall, and Powell are all in-

solvent; that they are threatening to gather the crop, although they did not plant or cultivate it, are preventing Mercer's hands from cultivating the crop, and are threatening to destroy the crops growing in the field; that on account of the menaces, threats, and unlawful acts on the part of Hay and Wall, Mercer has already suffered damage, and will suffer irreparable damage in the future unless the defendants are enjoined from acts of violence and trespass of the character already committed. The prayers of the petition were, that Hay, Wall, and Powell, and all others in collusion with them be restrained from keeping possession of the premises or attempting to keep petitioner and his tenants out; from gathering the crops made on the premises; from having petitioner's tenants and employees arrested for occupying the premises or gathering the crops thereon; from proceeding in any court to seize the premises or the crop grown thereon; from interfering in any manner with petitioner, his tenants, employees, or other persons acting for him in the performance of such legal acts in connection with the premises; from doing anything in connection with the property except by appropriate proceedings in this case; and for general relief. Upon this petition the judge granted an order restraining the defendants from doing the acts therein named, and a rule nisi calling upon them to show cause why an injunction should not be granted.

At the hearing the defendant Hay appeared and showed, for cause against the granting of the injunction, a plea to the jurisdiction, alleging that he was not a resident of Terrell county, but was at the time the petition was filed a resident of the county of Worth; and also an answer, in which he denied all of the material allegations of the petition, so far as they concerned him, alleging that he was an employee of Wall to temporarily occupy the premises referred to, and that he had no interest at all in the matters at issue between Wall and Mercer. Wall appeared and showed, for cause against the granting of the injunction, a plea to the jurisdiction, in which he alleged that he did not reside in Terrell county but was a resident of Worth county at the date of the filing of the petition; and also a demurrer, in which it was set up that the petition did not allege such facts as to give the court jurisdiction of his person; that there is no equity in the petition; that it appears that Mrs. Wall is a necessary party to the petition;

and various other grounds amplifying these grounds of the demurrer; and also an answer, denying the material allegations of the petition, so far as they alleged wrongful acts on his part. Powell filed no demurrer, plea, or answer. Numerous affidavits were introduced, and after hearing evidence the court passed an order enjoining the defendants from interfering in any manner with the plaintiff, his agents or tenants, in working, gathering, or marketing the crops growing on the land in dispute; and from interfering in any manner with the plaintiff in going upon or over the land, or attempting to prevent plaintiff, his agents, or servants from the free use and possession of that part of the land now in his possession and in cultivation by him; from instituting any legal proceedings other than what might be appropriate in this case to dispossess the plaintiff; and from seizing the crops by any process other than such as might be issued under the authority of an order in this case. That part of the prayer which sought to enjoin the defendants from keeping possession of that part of the premises which was already in their possession was denied; there being nothing in the order to disturb the status of the parties as it existed at the time the petition was filed. The order, interpreted in the light of the pleadings, indicated that the judge had found from the evidence that the plaintiff was in possession of one part of the property and that the defendants were in possession of another part, and he enjoined the defendants from interfering with the possession of the plaintiff, and refused to enjoin them from keeping possession of that part which they had acquired possession of before the petition was filed. To the granting of this order Hay and Wall excepted, alleging that the court erred in holding that it had jurisdiction of either of them; that it was error to proceed with the case in the absence of Mrs. Wall, who was a necessary party; that the court erred in holding that there was equity in the petition; in holding that plaintiff was in lawful possession of the land, or had any rights in the crops growing thereon, as it was shown that Wall was in lawful possession of the land and the crops in dispute; in holding that Wall was not in possession of the land; in passing an order which was in its nature mandatory and having the effect to dispossess the defendants; and that the order itself was uncertain, indefinite, and contradictory.

1. There was no bona fide attempt to brief the evidence. Af-

fidavits and other papers are set out in full, with no attempt at abbreviation. This court can not treat as a brief of evidence any document which is not briefed in the manner required by law. *Price* v. *High*, 108 *Ga.* 145; *Ansley* v. *Davidson*, 110 *Ga.* 279; *Collins Park R. Co.* v. *Ware*, Id. 307; *Buchanan* v. *McLain*, Id. 479; *Bond* v. *Winn*, 113 *Ga.* 4. No question made in the record which is dependent upon the evidence can, therefore, be considered, but it will be presumed that there was sufficient evidence to authorize the judge's findings.

2. It remains, therefore, to be determined whether the order passed was authorized by the pleadings. The order indicates that the judge found from the evidence that the plaintiff was in possession of a certain portion of the land, and the defendants were simply enjoined from interfering with the plaintiff's possession. He also found that the defendants were in possession of the house, and he refused to pass any order having the effect to disturb this possession. There were in the petition averments which were sufficient to show that, prior to the filing of the petition, the defendants had been guilty of acts amounting to a trespass upon the plaintiff's right of possession, and that they were threatening to commit similar acts in the future. In the light of the fact that the defendants were insolvent, it seems that the petition set forth sufficient reasons for the interposition of a court of equity to restrain the threatened trespass. It is said, though, that even if this be true, the court had no jurisdiction to enjoin either Hay or Wall, because they were not residents of Terrell county. So far as Hay is concerned, it was distinctly alleged in the petition that he resided in Terrell county; and while this was denied in his plea to the jurisdiction, the judge must have reached the conclusion that the evidence was not sufficient to establish his claim of non-residence. The petition did not in distinct terms allege that Wall was a resident of Terrell county. In fact the averments of the petition might be construed as a failure to allege anything in reference to his residence. But let it be conceded that he is a resident of Worth county. The allegations of the petition are sufficient to show that he and Hay were colluding to disturb the possession of the plaintiff, that as a result of this collusion they severally and jointly committed acts of trespass, and that both were threatening to continue in the commission of such acts in the future.

The allegations were sufficient to make them joint wrong-doers. For past acts of trespass they were joint trespassers, and under the constitution both could be sued in the county of the residence of either.     And where an appeal is made to a court of equity to enjoin the commission of future acts of trespass by them, we see no reason why the superior court of the county of the residence of either might not take jurisdiction to restrain them from the commission of joint wrongs which they were threatening to commit.     If this were not true, then where a large number of insolvents who reside in different counties conspire to commit acts of trespass, it would be incumbent upon the person who was to become the victim of the joint wrong, if actually committed, to file separate applications for injunction in every county where any of the wrong-doers may reside.     Such, of course, can not be the law.

This case is clearly distinguishable from *Townsend* v. *Brinson*, 117 *Ga.* 375.     In that case no equitable relief at all was prayed against the resident defendant, and the equitable relief prayed against the non-resident was of such a nature that the resident defendant was not in any manner concerned therein.     If at the final hearing in the present case it should be found by the jury that neither Hay nor Wall was a resident of Terrell county, and that they were not in collusion with Powell, no final decree can be entered against either Hay or Wall.     And if they should find that Hay was and Wall was not, no decree can be entered against Wall in reference to any matter not connected with the combination entered into between him and Hay and Powell to disturb the possession of Mercer.     The allegations of the petition were such as to authorize the judge to pass the order complained of, and no satisfactory reason appears to us why there should be a reversal of the judgment either in whole or in part.     It is true that the judge enjoined the defendants from instituting legal proceedings against the plaintiff, except by appropriate proceedings in the superior court of Terrell county as a court of equity.     Of course, if the defendants should make it appear at any time that they should be permitted to institute legal proceedings in other courts, the judge would modify the order so as to permit this to be done.     In the meantime the effect of the order will be simply to prevent the defendants from instituting legal proceedings for the purpose of har-

assing the plaintiff, and a court of equity can legitimately exercise its power of injunction to prevent such wrongs.

<em>Judgment affirmed. All the Justices concur.</em>