1449. ALBANY & NORTHERN RAILWAY CO. *v.* WHEELER.

1450. WHEELER *v.* ALBANY & NORTHERN RAILWAY CO.

1. The law requires that the brief of the evidence shall not consist of a report of all the testimony, but shall be a succinct, concise statement of only so much of the evidence as is material to an understanding of the errors complained of. To convert the full stenographic report into narrative form is not a compliance with the law. Abridgment and con-

densation are as essential to the legality of a brief of the evidence as is the approval of the trial judge.

2. A motion for a new trial was duly filed in term time. No brief of evidence was then filed, but the hearing of the motion was continued to a day in future (less than thirty days from the date of the trial), and in the order it was directed that the movant present the brief of the evidence three days before the time set for the hearing. The movant did not present the brief of the evidence until the day which had been set for the hearing. However, when that day arrived the term of the court at which the trial was had was still in session. Upon presentation of the brief of the evidence the respondent objected that it had not been filed within the time allowed by the judge, and moved to dismiss the motion for a new trial. The judge, nevertheless, approved the brief of the evidence and heard the motion for new trial on its merits. *Held*, that this was not error. *Broadway National Bank* v. *Kendrick*, 124 *Ga.* 1053 (53 S. E. 576) ; *Eady* v. *Atlantic Coast Line R. Co.*, 129 *Ga.* 363 (58 S. E. 895).

3. The trial under review being the third trial of the case, and the verdict in favor of the prevailing party being the second finding in his favor, a new trial will not be granted on account of slight error. See *Albany & Northern Ry. Co.* v. *Wheeler*, 3 *Ga. App.* 414 (59 S. E. 1116), and *Wheeler* v. *Albany & Northern Ry. Co.*, 4 *Ga. App.* 439 (61 S. E. 839).

4. The charge of the court fairly and accurately presented to the jury the degree of diligence required of a railway company as to the prevention of the communication of fire from its locomotives to adjacent property.

5. Wind, unless extraordinary, is not to be regarded as an intervening proximate cause, where a railway company negligently allows fire to escape from its locomotive and it is communicated to adjacent property. *East Tennessee Ry. Co.* v. *Hesters*, 90 *Ga.* 12 (15 S. E. 828).

6. The charge of the court upon the duty of the railway company to take cognizance of the combustible nature of grass and other things on its right of way, and to adopt means to prevent fire from being started on its right of way and carried to other property, does not seem to be directly and immediately applicable to the facts of the case; but a new trial will not be granted for this, as it is highly improbable that the plaintiff in error suffered any prejudice therefrom.

7. One who owns property adjacent to a railroad, and builds his houses or otherwise locates his property near to the right of way, takes upon himself the risk of injury through fires occasioned by the running of the locomotives with ordinary care and diligence, but he does not take upon himself the risk of fires caused by negligence of the company or its servants. A charge substantially to this effect was, therefore, not erroneous. See *M. & W. R. Co.* v. *McConnell*, 31 *Ga.* 133, 138 (76 Am. D. 685), as explained and modified in *Brown Store Co.* v. *Chattahoochee Co.*, 121 *Ga.* 809 (49 S. E. 839). See also Cincinnati etc. R. Co. *v.* Baker, 94 Ky. 71 (21 S. W. 347, 56 Am. & Eng. R. Cases, 106).

8. The court properly instructed the jury that they might, in assessing the aggregate of damages awarded to the plaintiff for the negligent destruction of his property by fire, include interest upon the value of the property so destroyed, from the date of the fire to the date of the trial, at

seven per cent. per annum. *Tifton, Thomasville & Gulf Ry. Co.* v. *Butler,* 4 *Ga. App.* 191 (60 S. E. 1087). See Wilson *v.* Troy, 135 N. Y. 96 (32 N. E. 44, and notes thereto as reported in 18 L. R. A. 449, and 31 Am. St. R. 817). See also King *v.* So. Pac. Co., 109 Cal. 96 (41 Pac. 786, 29 L. R. A. 755).

Action for damages, from city court of Cordele—Judge Strozier. September 12, 1908.

Argued December 10, 1908.—Decided June 15, 1909.

*J. T. Hill, Maynard & Hooper,* for the railway company.

*Crum & Jones,* contra.

POWELL, J.    One of the grounds of the motion to dismiss the bill of exceptions is that the document filed as the brief of the evidence is not such a brief of the evidence as is required by law. We do not care to elaborate the propositions announced generally in the headnotes, but we wish to take this occasion to say a few words upon the subject of the proper method of preparing a brief of the evidence. In the beginning let us say that what we are about to express is not to be taken as a particular reflection upon the able counsel for plaintiff in error. The delinquency to which we shall refer is one to which nearly every member of the bar may plead guilty. It is a fault nevertheless—even more than a fault; it is a plain violation of the letter and the spirit of the law. The so-called brief of the evidence in this case is plainly an unabridged copy of the stenographer's report of the trial. It consists of about sixty-five pages of closely written typewritten matter. The substance of it, so far as material to a consideration of the error complained of, could easily be condensed within five, or, at most, ten pages. The remaining sixty pages are either repetition or purely immaterial surplusage. Now, §5488 of the Civil Code provides: "The brief of evidence required in motions for new trial shall be a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial. In such brief there shall be included the substance of all material portions of all documentary evidence. Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same. In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form, or the stenographic report may be used in whole or in part

in making up the brief, with immaterial questions and answers and parts thereof stricken, so as in every case to shorten the brief, and include therein only material evidence." See also Civil Code, §§ 5528, par. 1, 2, 5529, 5530.

The plain policy of the law is that the reviewing court shall not be burdened with the duty of going through a full report of the testimony and sorting the material from the immaterial. It is a serious hindrance to the judges in the process of attempting to apprehend the points involved in a proper decision of the case, that they must search for the relevant throughout an overwhelming and naturally obscuring volume of the irrelevant. If, when a record is thus thrust upon a busy court, the judges fail to catch a clear and accurate conception of the material points, the blame in justice should fall upon counsel who prepared the record, and the trial judge who approved it without requiring its abridgment, rather than upon the members of the reviewing court. We may call attention to some of the more palpable violations of the law in this respect which have been imposed upon us. We have had to review personal injury cases in which the exception was to the granting of a nonsuit, and in the report of the evidence would appear page after page devoted to a description of the plaintiff's injuries as detailed by himself, his physicians and others, on direct and then on cross-examination. Of course, on exception to nonsuit the extent of the plaintiff's injuries is not involved and is an utterly immaterial question. A simple statement in the brief of the evidence to the effect that the plaintiff and others testified that he had been injured in one or more of the respects indicated in his petition would be all that was necessary. All in excess of this tended to obscure the actual points involved, added to the costs, and entailed a great deal of unnecessary labor upon the reviewing court. So, too, take a trespass case in which the point involved is whether the plaintiff has shown title and in which there has been much testimony as to the extent of the damage. In the brief of the evidence no reference need be made to the testimony as to the extent of the damage, except a general statement that there was evidence supporting this element of the case, and, if there has been a verdict for the plaintiff, that the amount of the damages as shown by the testimony ranged between such sums as the witnesses in fact gave. It is utterly unnecessary to repeat and reiter-

ate facts developed in the evidence. The reviewing court has nothing to do with the preponderance in cases of dispute. If one witness testifies to a fact and a dozen others support him in it, it is profitless to set out the testimony of each of them. It is only necessary to give a brief statement of what the first witness swore, and say that the dozen others testified substantially to the same thing.

The trial judge ought never to put his approval to a brief of the evidence until it has been abridged in accordance with the spirit and purpose of the law. It is his duty to compel the obedience of counsel to this salutary rule. To change the verbatim report of the court stenographer into narrative form is not a compliance with the statute. It is not a brief of the evidence and entitled to approval, unless all immaterial questions and answers are stricken. Reasonable brevity is as much a cardinal essential of a legal brief of the evidence as is the approval of the trial judge. Such great laxity has prevailed and has been tolerated in the enforcement of this statute (only in the most flagrant cases has the court hitherto declined to consider the so-called briefs of evidence on the ground that they were not in fact briefs of the evidence) that we do not deem it proper to begin a rigid enforcement of the law without notice to the profession. But this is to give the notice and the warning that hereafter the law must be obeyed in this respect. It is not our intention to be harsh or captious in the enforcement of the rule, but we feel it our duty to ourselves and to the law itself to enforce the statute with greater strictness than we have done hitherto. We have been practicing lawyers in our time, of course; and we recognize that counsel for the movant is frequently deterred from an attempt to brief the evidence to the extent it should be briefed, by reason of the fact that opposing counsel may object to any brief of the evidence which consists of less than a statement of the whole testimony. In this connection we may say that when an improperly prepared brief of the evidence appears in the record without any explanation or contrary statement, it is presumed to be work of counsel for the movant. Hence, if counsel for the movant has not in fact been derelict in this respect and desires to save himself from this imputation, he should present what he conceives to be a correct brief to the judge; if opposing counsel objects, and the judge sustains the objection and causes additions to be made, it is the privilege of moving

counsel to cause this fact to appear, either by a note or memorandum attached to the brief of the evidence and verified as a part of it, or by a recital in the bill of exceptions; and if when the case reaches this court it appears that the brief has been improperly added to at the instance of counsel for the respondent, it is within the discretion of this court to give such direction to the matter, by taxing the costs, or otherwise, as will protect the party not at fault.

As we have said above, our object in entering upon this discussion in the present case is not to single out the attorneys immediately involved for criticism (for, indeed, they are even less offending than many others have been), but to take the opportunity of announcing the future policy of this court. We are sincere when we say that we prefer to decide cases upon their merits rather than upon technicalities; but the law is law, and must be obeyed.       *Judgment affirmed on both bills of exceptions.*