## 2337. SOUTHERN RAILWAY COMPANY v. WAFFORD.

The record contains no legal brief of the evidence. The materiality of the exceptions is dependent upon the testimony; hence the exceptions can not be considered.

Action for damages; from city court of Hall county—Judge Boone. November 24, 1909.

Submitted February 24,—Decided April 19, 1910.

*John J. Strickland, C. R. Faulkner, Ed Quillian,* for plaintiff in error. *H. H. Dean, F. M. Johnson, W. B. Sloan,* contra.

POWELL, J. The only assignment of error is upon the overruling of a motion for a new trial. There is no brief of the evidence in the record. It is true that there is a lengthy document, signed by counsel and approved by the judge, and bearing the title "Brief of the evidence;" but if §5488 of the Civil Code means what it says, this document is not a brief of the evidence. It is spread out over 54 typewritten pages, when, at the outside, the substance of it could easily be condensed into 10 pages. Indeed, it requires no resort to transcendentalism for us to know that it is substantially the full report of the testimony converted into narrative form, without material condensation or abridgment. For example, several pages are taken up in setting out the examination and cross-examination of witnesses called by the one side to impeach, and by the other to sustain the credibility of the plaintiff. For all purposes, a simple statement that the defendant introduced the testimony of several witnesses tending to impeach the plaintiff as a witness because his character was bad, and that the plaintiff introduced the testimony of several witnesses to sustain him, would have been ample.

We refuse to consider the assignments of error in this case, not because we are unwilling to tax our energies by reading all this mass of testimony, with the material all intermingled with the immaterial, with the same testimony in substance repeated over and over again (for we have read it—read it all carefully), but because the law says that this is not a brief of the evidence; and we ought to obey the law so far as we can.

We dislike to give a case this turn; but we announced in timely warning nearly a year ago that we were going to try to live up to the law in respect to compelling obedience to the statute in ques-

tion. See *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (65 S. E. 1114). *Judgment affirmed.*