2420. POWERS *v.* CENTRAL OF GEORGIA RAILWAY CO.

There being a palpable violation of the statute requiring the evidence to be briefed, and the only . exception being one dependent upon a consideration of the testimony, the judgment is affirmed.

Action for damages; from city court of Savannah—Judge Freeman. December 6, 1909.

Argued April 13,—Decided April 19, 1910.

*Oliver & Oliver, W. H. Wade,* for plaintiff.

*Lawton & Cunningham,* for defendant.

POWELL, J. The exception was to the granting of a nonsuit, in an action for personal injuries. All the testimony essential to an understanding of the errors complained of could have been stated fully within the limits of one page, or not more than two, at the outside; instead of that, nine pages of the bill of exceptions are taken up with reciting testimony, material and immaterial, and with colloquies of court and counsel. The greater portion of the bill of exceptions is taken up with testimony regarding a disease with which the plaintiff is said to have suffered—a thing wholly immaterial to the question before us. Even if this were a

43

matter relating to the extent of the plaintiff's injury, it, was not material to the consideration of the error complained of. It was only necessary that the plaintiff show in the brief of evidence that he had been injured; for if he was injured to any extent and it was a case of liability, the nonsuit would have been improper. The action of the court in granting a nonsuit in no wise rested on a question as to whether the plaintiff was injured or not, but upon the question as to whether his injury was due to negligence on the part of the defendant.

The law, no matter how much it may have been overlooked in the past, is imperative. This court has no legal power to consider errors dependent on the testimony, when the evidence has not been presented to this court in the manner prescribed by the statute. If we should reverse a judgment at the instance of a plaintiff in error who has not complied with the law, the defendant in error could very justly say that we had gone beyond the powers conferred upon us by law, in order to grant a new trial against him. The jurisdiction of this court arises only in a statutory method, and if we decide a case and reverse the judgment of the trial court where that method has not been pursued, we are guilty of usurpation. We gave the bar due and ample warning in the case of *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114), and in several other decisions rendered about the same time, that we were going to try to obey the law in this respect. It would be idle for this court to insist upon other persons obeying the law, if we do not obey it ourselves.

Further, we feel it our duty to say that the trial judges, with hardly an exception, are not requiring counsel to comply with the statute as to briefing the evidence. They are charged with the duty of enforcing the law in this respect, and they can materially assist the interests of justice if they will insist on obedience to the statute in question.        *Judgment affirmed.*