## 2314.    LANHAM *v.* PRESLEY.

There being no legal brief of the evidence, the errors can not be considered.

Action for damages; from city court of Floyd county—Judge Hamilton. November 10, 1909.

Argued February 23,—Decided June 14, 1910.

Rehearing denied July 5, 1910.

*Dean & Dean, Nathan Harris,* for plaintiff in error.

*Lipscomb, Willingham & Doyal,* contra.

POWELL, J. It is with no little reluctance that we give this case the turn we are about to give it. It involves at least two pretty points, not new points in the strict sense, for they are merely old acquaintances in new dress, and yet attractive. Judges are human, of course, and when we see a pretty point and have studied it, we feel a disappointment in being deprived, by any reason, from the privilege of having our say on the subject. So if we justly could refuse to do so we would not notice the condition of the so-called brief of the evidence; but the prime cardinal essential of juridic justice is expressed in the homely colloquialism, "Feed everybody

out of the same spoon;" and to apply the same law to this case that we have been applying to others constrains us to hold that there is no legal brief of the evidence, and that, therefore, the exceptions and the interesting questions made in them can not be considered. Of what is called the brief of the evidence in the record, the portion relating to wholly immaterial matters is the major part. The history of a transaction wholly foreign to the points presented is set out in full, is repeated, and then reiterated time and again. Other immaterial matters are set out at great length. Hidden in all this mass of surplusage, the evidence that elucidates the points may be found, if diligent search is made. It is plain that counsel, instead of making such a brief of the evidence as is required by §5488 of the Civil Code of 1895, took the stenographer's report of the trial and added to it a brief of the documentary evidence.

There is nothing difficult in complying with the law on this subject. This court is not enforcing the statute captiously. It is not mere length that offends against the statute. We have had before us this week a record in which the brief of the evidence extends through more than 100 pages of compact typewritten matter, and yet that brief of the evidence substantially complies with the law in letter and in spirit. We have been attempting in several recent cases to stress the fact that we can not, without violating the law, waive the failure of counsel to brief the evidence. In the present instance the neglect to comply with the statutory requirement is palpable. See, on the subject generally: *Southern Ry. Co. v. Wafford,* 7 *Ga. App.* 652 (67 S. E. 831); *Powers v. Central of Georgia Ry. Co.,* 7 *Ga. App.* 673 (67 S. E. 831); *General Accident Corp. v. Turner,* 7 *Ga. App.* 679 (67 S. E. 832); *Johnson v. Douglas Co.,* 6 *Ga. App.* 681 (65 S. E. 719), and cit.; *Oconee Oil Co. v. Planter's Oil Co.,* 6 *Ga. App.* 413 (65 S. E. 144); *Knox v. Lexington Terminal Ry. Co.,* 6 *Ga. App.* 385 (64 S. E. 1134); *Huntley Mfg. Co. v. Nixon,* 6 *Ga. App.* 46 (64 S.E. 279); *Albany Ry. Co. v. Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114); *Charleston Ry. Co. v. Attaway,* 7 *Ga. App.* 231 (66 S. E. 548); *Mayor of Cordele v. Williams,* 7 *Ga. App.* 445 (67 S. E. 116). *Judgment affirmed.*

### ON MOTION FOR REHEARING.

For the special reasons shown in the motion we would ordinarily be inclined to grant the rehearing. However, it is the precedent

not to grant a rehearing where the judgment, irrespective of the applicability of the particular reason given in the original decision, would be the same. *Carreker* v. *Thornton,* 1 *Ga. App.* 508, 511 (57 S. E. 988). In this case, on a consideration of the merits, we had reached the conclusion that the case should be affirmed, before we decided to affirm it for the technical reason expressed in the opinion. Therefore the rehearing is denied.