## DAVIS v. SCOTT.

It was error to dismiss the petition on general demurrer.
NOVEMBER 14, 1913.

Action of deceit. Before Judge Meadow. Madison superior court. September 3, 1912.

*J. F. L. Bond* and *Berry T. Moseley*, for plaintiff.

*John E. Gordon* and *John J. Strickland*, for defendant.

ATKINSON, J. W. M. Davis instituted an action against J. C. Scott, returnable to the March term, 1911, sounding in tort, on account of alleged deceit. The defendant filed a general demurrer, which the court sustained, and the plaintiff excepted. The petition (though somewhat confused in the matter of statement of facts), properly construed, alleges the following in substance: On the 21st day of November, 1906, certain personal property was levied upon under a distress warrant. The sheriff delivered the property to the defendant under a forthcoming bond, and it was not produced on the day of sale. The plaintiff in that proceeding sued the sheriff for a less amount than that specified in the distress warrant, alleged to be the amount due him by reason of the property not having been produced on the day of sale, and stated to the sheriff that the defendant in the distress warrant had "made way" with the property, and had not paid the rent. These statements were false, and known by the declarant to be false at the time they were uttered, and were made for the purpose of deceiving the

sheriff and inducing him to part with his property "without just compensation." The effort was successful, and the sheriff, being so induced, gave the plaintiff his note, dated April 22, 1909, for a stated amount, believing that he could reimburse himself after collection of the bond. He instituted suit on the bond; but he failed to recover, because of evidence adduced on the trial to the effect that the property was not produced on the day of sale because defendant had turned it over to the plaintiff and paid him the amount due for rent. The sheriff did not know that the defendant had paid the amount due as rent, and claimed in the distress warrant, until the defendants in the suit by the sheriff on the bond set up such fact by their plea and evidence. In the action for deceit the sheriff sought to recover the amount paid by him to the plaintiff in the distress-warrant case, and another amount paid out as counsel fees and court costs incurred in the suit on the bond; and for counsel fees incurred in instituting and prosecuting the action for deceit. Under the ruling made it is not necessary to decide whether a cause of action is alleged for recovery of all the damages claimed.

Construed as above indicated, the petition alleged, that the defendant in the action for deceit made the statement to the sheriff that the defendant in the distress warrant had "made way" with the property which had been levied upon, and had not paid the rent; that such statements were known to be false at the time they were uttered, and were made for the purpose of inducing the sheriff to pay alleged damages for failure to have the property forthcoming on the day of sale; and that the sheriff, believing the statements, was deceived thereby, and paid the money demanded of him. This states a cause of action for deceit. In the Civil Code, § 4410, among other things, it is declared: "Willful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." It is unnecessary to cite further authority on the proposition.

The judge committed error in dismissing the petition on general demurrer. *Judgment reversed. All the Justices concur.*