### 9316.  SCOTT *v.* DAVIS.

1. The bill of exceptions was dated October 12, and there was an acknowledgment of service on October 24, in the following form: "Due and legal service of the foregoing bill of exceptions is hereby acknowledged, a copy being received; reserving all legal rights and exceptions." The defendant in error moved to dismiss the bill of exceptions, because service was not made or acknowledged within ten days of the signing of the same. The motion is denied, as not being well taken. Ga. L. 1911, p. 149 (Park's Ann. Code, § .6164 (a); *Stewart* v. *Randall,* 138 *Ga.* 796 (76 S. E. 352); *Jones* v. *Patterson,* 138 *Ga.* 862 (76 S. E. 378); *Cook* v. *Parsons,* 143 *Ga.* 127 (84 S. E. 559); *Mitchell Automobile Co.* v. *McDaniel,* 143 *Ga.* 516 (85 S. E. 635); *Langford* v. *Salter,* 146 *Ga.* 123 (90 S. E. 860).

2. "The point that the verdict should have specified the damages in solido, instead of finding a designated sum with interest thereon, can not be raised under the general ground that the verdict is contrary to law and contrary to the evidence." *Ætna Insurance Co.* v. *Peavy,* 9 *Ga. App.* 759 (72 S. E. 300).

3. There being no legal brief of the evidence, the assignment of error as to the overruling of the motion for a new trial, which is based upon the general grounds only, will not be passed upon.

DECIDED MARCH 13, 1918.

Action for deceit; from Madison superior court—Judge W. L. Hodges.  September 17, 1917.

*John E. & Howard Gordon, John J. & Roy M. Strickland,* for plaintiff in error.  *Berry T. Moseley,* contra.

HARWELL, J.  This is the second appearance of this case in the appellate courts, it having been carried to the Supreme Court when dismissed on demurrer.  *Davis* v. *Scott,* 141 *Ga.* 33 (80 S. E. 284).  It is a suit for deceit, and resulted in a verdict for the plaintiff.  The motion for a new trial is upon the general grounds. The brief of evidence is apparently the full stenographic report reduced to narrative form with no effort at abridgment.  There is in fact on the last page of the brief a certificate of the court stenographer that "The above and foregoing 25 pages constitute a true and correct copy of the evidence reduced to narrative form, produced upon the trial of the above stated case."  Apparently all

of the objections to testimony, and arguments of counsel thereon, and the rulings of the court, and discussions between the court and counsel on other phases of the case are embodied verbatim et literatim in the brief. This immaterial matter constitutes nearly one third of the brief. This is not a legal brief of the evidence, and the assignment of error based upon the general grounds of the motion will not be passed upon. *Lanham* v. *Presley,* 7 *Ga. App.* 839 (68 S. E. 448), and citations; *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114); *Hitchcock* v. *Latham,* 97 *Ga.* 253 (2) (22 S. E. 997); *Jones* v. *West View Cemetery,* 103 *Ga.* 560 (29 S. E. 710); *Graham* v. *City of Baxley,* 117 *Ga.* 42 (2) (43 S. E. 405). "The Supreme Court will not review the evidence in a case when it is apparent that there has been no bona fide effort to brief the evidence as required by law, and when the document purporting to be a brief of the evidence is extensively interspersed with objections to testimony, statements, motions and arguments of counsel, rulings of the court, evidence to which objections were sustained, and also colloquies between counsel and the court. *Equitable Mortgage Co.* v. *Bell,* 115 *Ga.* 651 (42 S. E. 82); *Graham* v. *Baxley,* 117 *Ga.* 42 (43 S. E. 405); *Wall* v. *Mercer,* 119 *Ga.* 346 (46 S. E. 420). Where, in such a case, no question is presented for decision which can be determined without reference to the evidence, the judgment of the court below must be affirmed." *McComb* v. *Hines,* 123 *Ga.* 246 (51 S. E. 300).

*Judgment affirmed.    Broyles, P. J. and Bloodworth, J., concur.*