14733, 14799. NORRIS v. GRAY et al.; and vice versa.

JENKINS, P. J, "When a document purporting to be a brief of evidence is extensively interspersed with statements and arguments of counsel and rulings of the court on evidence . . , the paper will not be treated by this court as a brief of evidence, and no question made in the record which is dependent upon the evidence will be decided." Graham v. City of Baxley, 117 Ga. 42 (2) (43 S. E. 405); Equitable Mortgage Co. v. Bell, 115 Ga. 651 (1) (42 S. E. 82); McComb v. Hines, 123 Ga. 246 (51 S. E. 300); Wall v. Mercer, 119 Ga. 346 (46 S. E. 420); Scott v. Davis, 22 Ga. App. 32 (3) (95 S. E. 332); Shaine v. Block, 28 Ga. App. 329 (111 S. E. 79); Avery v. Graham, 26 Ga. App. 161 (6) (105 S. E. 708); Jackson v. Dorsey, 26 Ga. App. 372 (4) (106 S. E. 210). In the instant case, more than two thirds of what purports to be a brief of the evidence being made up of testimony in question and answer form, or being commingled with colloquies of counsel and rulings or statements of the court, and a consideration of the testimony being necessary to determine the questions raised by the grounds of the plaintiff's motion for a new trial, and the defendants in error moving for an affirmance of the ruling of the court below for the reason stated, the judgment, in accordance with the authorities cited, must be affirmed.

Judgment affirmed on main bill of exceptions; cross-bill dismissed. Stephens and Bell, JJ., concur.

                    DECIDED DECEMBER 7, 1923.

Complaint; from Atkinson · superior court—Judge Dickerson. May 3, 1923.

*G. F. Fielding, G. H. Mingledorff,* for plaintiff.

*E. R. Smith, W. C. Lankford,* for defendants.