FIREMAN'S FUND INSURANCE CO. *v.* CADILLAC INSURANCE AGENCY, INC.

1. INSURANCE—EMBEZZLEMENT BY AGENTS—STATUTES.

Statute providing that withholding of funds by an insurance agent from an insurance company constitutes embezzlement only governs cases where premiums are withheld contrary to the instructions or without consent of the company for or on account of which the premium was received by the agent (3 Comp. Laws 1929, § 12369).

2. SAME—CONSTRUCTION OF CONTRACT.

Contract of agency between foreign insurance company and local agent must be rigidly construed against latter who prepared it.

3. CONTRACTS—CONSTRUCTION BY PARTIES.

Interpretation placed upon contract by parties thereto should be given consideration in arriving at conclusion with reference thereto.

4. Insurance—Construction of Agency Contract—Uncollected Premium.

> Agency contract requiring agent to report all business written by 10th of the following month and remit balance due within 60 days after month in which business was written *held*, to require remission of portion of premium due company by agent notwithstanding its inability to collect same from bankrupt insured.

Appeal from Wayne; Chenot (James E.), J. Submitted June 4, 1935. (Docket No. 2, Calendar No. 38,081.) Decided September 9, 1935.

Assumpsit in common pleas court by Fireman's Fund Insurance Company, a California corporation, against Cadillac Insurance Agency, Inc., a Michigan corporation, for premium due on an insurance policy. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Warren, Hill, Hamblen, Essery & Lewis* (*Sparkman D. Foster* and *John K. Worley,* of counsel), for plaintiff.

*Van H. Ring,* for defendant.

Butzel, J. Plaintiff, Fireman's Fund Insurance Company, a California corporation, appointed Cadillac Insurance Agency, Inc., a Michigan corporation of Detroit, as its local agent under a contract which provided:

"3. The 'agents' agree to render monthly statements of account, of all business written, on or before the 10th day of the following month; also to collect all premiums and remit for the balance due the 'company' within 60 days after the close of the month in which the business was reported."

It further provided that defendant was to receive commissions on various classes of business as set forth in a memorandum attached to the agreement, and also a contingent or profit commission of 10 per cent. on the net yearly profits of the agency. Defendant issued and signed a policy running to R. C. Dunn, doing business as the Dunn Messenger Service. Premiums due in the early part of 1932 were not paid and continued in default for over six months. Defendant did not cancel the policy until September. Shortly thereafter Dunn was adjudicated a bankrupt and in November, 1932, defendant filed a proof of claim in its own name for the amount of the unpaid premiums. Plaintiff brought an action in assumpsit to recover the unpaid premiums on the policy amounting to $388 net, after the deduction of defendant's commission. The trial court held that, in accordance with the provision quoted, defendant became indebted to plaintiff 60 days after the close of the month in which the business was reported, and rendered judgment in plaintiff's favor.

From a very incomplete and unsatisfactory record we are able to glean the following facts: The company looked to the defendant for the payment of premiums on policies procured by defendant, and did not investigate to determine whether Dunn paid defendant the premiums or not. This seems to have been admitted by the defendant, inasmuch as it filed the claim in the bankruptcy court in its own name. Defendant on appeal calls attention to 3 Comp. Laws 1929, § 12369, which provides that the withholding of funds by an insurance agent from an insurance company constitutes embezzlement. The statute, however, only governs cases where premiums are withheld contrary to the instructions or without the consent of the company, association or society for or on account of which the premium was received by the agent. There is no criminal statute involved in the

present case.  While again the record is silent as to the reason for the clause in question, it seems reasonable that a foreign insurance company employing a local agency would look to it to investigate and take the credit risk and responsibility for the premiums.

Our attention is called to numerous cases, but it will be found that they are dependent upon factual elements not shown by the record in the instant case. A case somewhat similar to the instant one is *Clausen* v. *Title Guaranty & Surety Co.,* 168 App. Div. 569 (153 N. Y. Supp. 835), affirmed without opinion in 222 N. Y. 675 (119 N. E. 1035), in which, under a very similar provision, the court held that defendants were not liable because the course of conduct between the parties showed the intention of not creating a creditor-debtor relationship.  The defendant in the instant case prepared the contract and it must be rigidly construed against it.  Defendant relies upon *Lower* v. *Muskegon Heights Co-operative Dairy,* 251 Mich. 450, but there again the facts showed the non-existence of a creditor-debtor relationship.  The court stated:

"In so far as the parties by their conduct have placed an interpretation on the contract, such interpretation or construction should be given consideration in arriving at a conclusion."

The practical construction by the parties leads us to the conclusion that it was intended that defendant pay plaintiff the balance due the company within 60 days after the close of the month in which the business was reported.

The judgment for plaintiff is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.