27730.  CARSON *et al. v.* C. G. AYCOCK REALTY COMPANY.

DECIDED DECEMBER 5, 1939.

*Walter A. Sims, Henry M. Henderson,* for plaintiff in error.
*George B. Rush,* contra.

MacINTYRE, J.  The following agreement was entered into by the plaintiff, C. G. Aycock Realty Company, as party of the first part, with W. C. Carson and Charles L. Adams, as parties of the second part: "Party of the first part agrees to employ the parties of the second part to solicit insurance business on the following scale of commissions: Fire, 12 per cent.; accident & health, 20 per cent. . . Should insurance companies reduce or increase the present rate of commission to the party of the first part at any time, parties of the second part shall be decreased or increased in the same proportion.  Parties of the second part agree to remit to the party of the first part for all insurance premiums [on business] placed by them with the party of the first part by parties of the second part, within sixty (60) days from the issuance of the policies; for instance, business written between the dates of Feb. 25th, 1926, and March 25th, 1926, shall be paid for by parties of the second part, on or before May 1st, 1926.  It is further understood and agreed that insurance business which has been placed with the party of the first part by parties of the second part and has not already been paid for, shall be paid for by the parties of the second part within ninety (90) days from the date of this contract. This contract may be terminated by either party by giving other party thirty days' written notice of their intention to do so."

The plaintiff brought an action to recover unpaid premiums amounting to $1795.85, net, after the deduction of the defendants'

commissions. The practical construction of this contract is that it was intended that the defendants pay the plaintiff the balances due the plaintiff within sixty days after the close of the month in which the business was reported. See Fireman's Fund Ins. Co. v. Cadillac Ins. Agency Inc., 272 Mich. 606 (262 N. W. 312).

Judgment affirmed. Broyles, C. J., and Guerry, J., concur.