WHELCHEL *v.* DUCKETT *et al.*

1. Where a plaintiff in error in making up his brief of evidence abstracts the documentary part of the evidence, and in his bill of exceptions specifies the abstracts as set out in the brief of evidence to be sent to this court instead of full copies of the documents, his case in this court will not be dismissed if the abstracts are sufficient to indicate the nature and legal effect of such documents. They were sufficient in this case.

2. Where a sheriff levies upon personalty and advertises the same to be sold upon a certain day, and a forthcoming bond is given, in which it is stipulated that the property shall be delivered to the sheriff at the time and place of sale, and subsequently thereto, upon application to the judge of the superior court, the judge grants an order restraining the sheriff from selling the property upon that day, it is no breach of the bond that the property was not delivered to the sheriff at the time and place of sale whilst the restraining order was in force.

3. Where the applicant for injunction in the case in which the restraining order had been granted, failed and refused to prosecute the case when called for trial, and the judge passed an order dismissing it for want of prosecution and ordered the sheriff to proceed with the levy, and the sheriff again advertised the property for sale at a certain time and place, and the maker and surety on the bond failed and refused to deliver the property, a breach was committed, and the sheriff could sue and recover thereon. The measure of damages would be the value of the property at the time the bond was given, provided that value did not exceed the amount of the execution, principal, interest and cost.

4. Where the sheriff levies on property and the defendant in *fi. fa.* files his application for homestead or exemption, and the application is not granted by the ordinary before the day of sale, it is the duty of the sheriff to sell the property subject to the homestead or exemption if granted. The pendency of the application will not excuse the maker and surety on the forthcoming bond from producing the property on the day of sale.

January 17, 1893.                              *Judgment affirmed.*

Before Judge WELLBORN. Hall superior court. July term, 1892.

An action on a forthcoming bond was brought in 1891, by Duckett who was sheriff in 1887, suing for the use of Suddeth, plaintiff in *fi. fa.*, against A. S. Whelchel as principal, and A. S. Whelchel, executor of D.

Whelchel, as security. The bond was dated May 2, 1887. The property mentioned therein was levied on by Duckett as sheriff, and advertised for sale the first Tuesday in June, 1887. The declaration alleges that this property, of the aggregate value of $705, was not delivered to the sheriff at the time and place of sale, and that it was again duly advertised for sale on the first Tuesday in April, 1891, but was not delivered at the time and place, and that A. S. Whelchel has appropriated the same to his own use and has disposed of it and put it out of reach, etc. The defendant pleaded not indebted, and that the plaintiff should not recover for the following reasons: The property "replevied in the bond sued on" at no time since it was levied on was worth more than half the amount claimed by plaintiff. Further, since the day the bond was executed A. S. Whelchel applied for and had the property that had not been destroyed in its use, set apart as an exemption for the benefit of his family. The bill of exceptions recites that there was a further plea that the first time the property was advertised for sale, there was an order of the superior court restraining the sheriff from selling the property, and that there was no breach of the bond at that time. The jury found for the plaintiff $295, with interest from April 7, 1891. The defendant moved for a new trial on the ground that the verdict was contrary to law and the evidence. The motion was overruled, and he excepted.

At the trial the sheriff testified that the two mules levied on were worth at that time $125 each, the mare $50, the wagon $50, harness $15, buggy $50, and two cows and calves $80. The property was not delivered to him at the time and place of sale. He knew nothing of the property only by seeing it; knew nothing of its age or condition only from appearance, and did not remember a restraining order that prevented him from

selling the property at that time. He was a good judge of the value of the property. The present sheriff, successor of the witness above named, testified that he advertised the property levied for sale on the first Tuesday in April, 1891, and it was not produced. He did not tell the defendant that it was unnecessary for him to produce the property, that he could not sell, there being an application pending for a homestead and exemption upon the property. So far as he knows he would have sold the property had it been produced.

The defendant introduced an order dated June 2, 1887, that the defendants show cause on a certain day why the injunction prayed for should not be granted, and that in the meantime they be restrained from doing any act towards collecting their claims against A. S. Whelchel out of the property described in complainant's bill and therein alleged to be her individual property; and the sheriff was restrained from selling that part of the property which he had levied on and advertised as the property of A. S. Whelchel, until the hearing or until further order. It was further ordered that the bill be filed, and the defendants be served with a copy of the same. On January 22, 1891, the judge of the superior court passed an order dismissing the bill and directing the *fi. fa.* mentioned therein to proceed, reciting that the case had been called for trial in its order and the complainant failed and refused to prosecute the same.

A. S. Whelchel testified: The property levied on and described in the bond sued on is the same property included in the schedule of personalty in the homestead, except the old mare and the cows and calf, and there was but one calf levied on, which cow and calf died in the winter and spring after the first sale day and before the second, without fault or neglect by him. At the time of the levy the mare was worth about $50 but became almost worthless, and he swapped her off in February,

1889, when she was worth not more than $10 or $15. The reason he did not deliver the property to the sheriff on the first day the same was advertised for sale, was because of the restraining order above mentioned. At that time the mules were worth not more than $65 and $120 respectively, the mare not more than $50, the wagon not more than $20, the harness not more than $2.50, the buggy not exceeding $5.00, the two cows and calf not exceeding $10 for one and $15 for the other. The buggy was old and shaky, had not been used for some time before the levy, and has not been used since. It has stood under the shelter, has fallen to pieces and is worthless. The wagon had been in use about fourteen years, and was two thirds worn. The mare was sixteen years old and almost worthless. When the property was advertised for sale the second time, he had the two mules and wagon at the time and place of sale, and told the sheriff that if he wanted them they would be on hand. The sheriff replied that the homestead proceedings would stop the sale, and that he would not want them. Witness did not swap or trade one of the mules in Cobb county; left one of them in Cowen's lot, and brought one of his horses which is now at witness's home; the other one was sick, and witness left it in Cherokee county and does not know whether it is dead or alive. Did not take them away to get them out of the way of other *fi. fas.* to which they were subject. These two mules were the same mules levied on, and the same that are included in the homestead.

Defendant introduced the homestead proceedings referred to. The application for homestead was filed in the office of the ordinary on April 6, 1891. By successive orders the ordinary continued the case for a hearing until May 11, 1891. Then follows this statement: " Approved this the 11th day of May, 1891. This application was heard and virtually approved on the above

date, and I now affix my official signature, July 21,.
1892.   A. Rudolph, ordinary."

J. M. TOWERY, by W. F. FINDLEY, for plaintiff in error..
G. K. LOOPER, H. H. DEAN and M. L. SMITH, *contra*.