CULVER *v.* SILVER.

SIMMONS, C. J.   1. This court will not review the evidence in a case when it is apparent that there has been no bona fide effort to brief the evidence as required by law, and when the document purporting to be a brief of the evidence is extensively interspersed with objections to testimony, statements and arguments of counsel, and evidence to which objections were sustained, and also with colloquies between counsel and court, none of which should properly find place in a brief of evidence. *Price* v. *High*, 108 *Ga.* 145 ; *Moore* v. *Medlock*, 113 *Ga.* 259.

2. Where in such a case no question is presented for decision which can be determined without reference to the evidence, the judgment below must be affirmed.                    *Judgment affirmed.   All the Justices concurring.*

Argued June 20, — Decided July 23, 1901.

*T. L. Reese* and *W. H. Burwell*, for plaintiff.
*C. A. Picquet* and *R. H. Lewis*, for defendant.

---

BASS DRY GOODS CO. *v.* GRANITE CITY MANUFACTURING CO.

SIMMONS, C. J.   1. Where a partnership engaged in the manufacture of clothing and was closing out the business and had a lot of clothing in its warehouse, and one of the partners, traveling as a salesman to sell the remnant of the stock, made a contract to sell a certain quantity of goods then on hand, the partnership was bound by the contract so made, although the other partners sold these goods to other purchasers before receiving the order of the first named partner, and although he sold the goods for less than their market value.   Civil Code, § 2651.

2. Evidence as to conversations between the seller and buyer, prior to the making of the written contract, were inadmissible to show the terms of the contract or the understanding of the parties in reference thereto.

3. Limitations on the authority of a partner to bind the partnership can not affect third persons who have no notice of such limitations.

4. Where the contract is for the sale of " about " 147 dozen pairs of pants, with nothing by which the particular goods sold may be identified, the contract is to sell the amount named with such accidental variations as may arise from slight and unimportant excesses or deficiencies.   Brawley *v.* United States, 96 U. S. 168 ; 1 Am. & Eng. Enc. Law, 199, and notes.
                    *Judgment reversed.   All the Justices concurring.*

Argued June 23, — Decided July 23, 1901.

Action on contract.   Before Judge Proffitt.   City court of Elberton.   November 30, 1900.

*J. E. McClelland* and *Rogers & Rogers*, for plaintiff.
*Joseph N. Worley*, for defendants.