McPHERSON *et al.* v. CHANDLER.

HOLDEN, J.   1. There was no error in overruling the demurrer to the petition.

2. The defendant in error (hereinafter called the plaintiff) brought an action against the plaintiffs in error (hereinafter called defendants) for illegal arrest and malicious prosecution, alleging that he had been

wrongfully arrested for carrying on a "near beer" business without a municipal license, and that the defendants, who were the mayor, a member of the municipal council, and a deputy marshal, sought to prevent his conducting such business by means of arrests, although he held a license from the municipal authorities for the conduct of such business. The defendants denied the allegations of the petition. They also alleged that in order to conduct a "near beer" business it was necessary to have a license from the State, one from the Federal government, and one from the municipality where the business was located; and that the plaintiff had no license. They further alleged that every act for which the plaintiff was arrested was a crime and was committed in the presence of the arresting officer. The plaintiff demurred to so much of the answer as sought to set up that it was necessary to obtain a license from the Federal and State authorities, for the reason, among others, that it was not alleged that the plaintiff's arrest was based on any violation of the State or Federal law. The defendants made no effort to amend, but left their allegations on this subject in a vague and ambiguous condition. *Held,* that there was no error in sustaining the demurrer and striking such allegations from the answer.

(*a*)  There was no error in sustaining the demurrer to certain other portions of the defendants' answer.

3.  Under the law of this State, where a petition alleges that a plaintiff was illegally arrested on the ground that he was conducting a certain business in a city without having a municipal license for that purpose, and that he in fact had such a license, and the answer denies the allegations of the petition, such denial puts in issue only the allegations of the petition. Under such issue, the defendants may disprove the plaintiff's · cause of action, and for that purpose may show that the arrest was not made for an alleged violation of a municipal ordinance, but for an offense against the laws of the State, committed in the presence of the arresting officer: but if it is sought to justify the arrest on the ground that it was made both for a violation of a municipal ordinance and of a State law, and that the arrest was legal on either or both of such grounds, a plea of justification should be filed. Civil Code (1910), §§ 4488, 5636; *Ratteree* v. *Chapman,* 79 *Ga.* 574 (3), (4 S. E. 684) ; *Kerwich* v. *Steelman,* 44 *Ga.* 197.

4.  The brief of evidence filed with the motion for a new trial set forth the parol evidence introduced; and also stated that certain documentary evidence was introduced, by mere general reference to a minute book, copies of transcripts from minutes, by-laws, and the like, without setting forth such evidence in substance, or showing in any way what were the contents of such documents. There was no charter provision, nor does it appear from such brief that there was any municipal ordinance, making it an offense for the plaintiff to conduct his business without a license. The brief of evidence is so imperfect and omits such essential parts of the evidence, that it can not be treated as a compliance with the law as to the manner of bringing the evidence to this court, nor can this court determine any of the assignments of error requiring a consideration of the evidence. Such are a number of the grounds of the motion for a new trial.

5. There are sufficient assignments of error in the motion for a new trial which can be considered to show that the presiding judge erred, and that a new trial should be granted. Without sifting the numerous grounds of the motion for a new trial and discussing how far each of them may or may not be affected by the condition of the brief of evidence, the following will suffice to show error requiring a new trial.

(a) The court charged, that, "to constitute malice, it would not be necessary to show ill will or hatred to the person injured, but malice may be inferred from any offensive act, or any act of an offensive nature which would show disregard of him and violation of proper consideration of the person who is alleged to have been injured." This definition was too broad, and made the definition of malice turn rather upon whether an act was offensive to the person claiming to be injured than upon the intent, purpose, or state of mind of the actor; and it was also too general in referring to a disregard of "proper consideration" of the person claiming to be injured. See Civil Code (1910), § 4451; *Patterson* v. *State,* 85 *Ga.* 131, 133 (11 S. E. 620, 21 Am. St. R. 152).

(b) It was not accurate to charge that in order to constitute probable cause there must be reasonable grounds· of suspicion, "supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person arrested is .guilty of a crime." It is the "reasonable" man, rather than the "cautious" man, who is to be taken as the standard. Civil Code (1910), §§ 4440, 4452.

(c) A charge that "The court charges you, gentlemen of the jury, that the law as a rule does not look with favor upon arrests made without a warrant," should not have been given. Where the law permits an arrest without a warrant, such a rule does not apply; where it does not permit an arrest without a warrant, such an arrest is illegal.

6. In an action for illegal arrest and malicious prosecution, where aggravating circumstances and bad faith are charged, the measure of damages in case of a recovery by the plaintiff is necessarily in issue, and under a general denial of the plaintiff's allegations the defendant may introduce evidence tending to show that there was no bad faith, or aggravation, and that the plaintiff was not damaged in the amount claimed.

(a) In a suit of the character above indicated there is no exact measure of damages, and the recovery of no particular amount can be declared by a reviewing court to be demanded by the evidence; and errors calculated to prejudice the jury in respect of the amount of the recovery import injury.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*

OCTOBER 28, 1911.    REHEARING DENIED NOVEMBER 16, 1911.

Action for damages. Before Judge Worrill. Randolph superior court. September 17, 1910.

*M. C. Edwards* and *R. L. Moye,* for plaintiffs in error.

*Glessner & Park, George Perry,* and *R. Terry,* contra.