13638. OWEN *v.* STALLINGS.

1. A bona fide effort to brief the evidence being manifest in this case, this court will not decline to determine questions involving a consideration of the evidence. *Russell* v. *Tucker,* 136 *Ga.* 136 (9) (70 S. E. 1018); *Cotton* v. *Cotton,* 136 *Ga.* 138 (1-a) (70 S. E. 1015); *Mooty* v. *Butler,* 25 *Ga. App.* 121 (102 S. E. 842).
2. This court will not refuse to consider the first ground of the amended motion for new trial, complaining of the exclusion of certain evidence, on the theory that it fails to state the name of the witness whose testimony was excluded, since the ground of the motion expressly states that the evidence thus offered was that of the defendant. The exclusion of this evidence is not a good ground of reversal, however, since, even considering such testimony as admissible, substantially the same evidence by the same witness was previously admitted.
3. There being no objection thereto made at the time, and no motion for a mistrial, the language of the court used in a colloquy with counsel for the defendant with reference to the admissibility of evidence and the issues in the case, and complained of as prejudicial to the defendant because stated in the presence of the jury, affords no ground for a new trial. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Freeman* v. *Petty,* 22 *Ga. App.* 199 (3) (95 S. E. 737).

16

4. There was no error in excluding evidence seeking to elicit whether the plaintiff was a "qualified real-estate broker," since the failure of such a broker to pay the tax and qualify as required does not, under the terms of the statute, render void contracts made in the absence of such payment and qualification, and is therefore no defense to a suit for commissions. *Toole* v. *Wiregrass Development Co.*, 142 *Ga.* 57 (82 S. E. 514); *Fiske* v. *Wimburn*, 143 *Ga.* 30 (84 S. E. 57).

5. The exceptions to the charge of the court as to the effect of a mistake in the lot number, and as to the condition that the abstract of title should be satisfactory (grounds 4 and 5 of the motion for a new trial), are without merit.

DECIDED NOVEMBER 22, 1922.

Complaint; from city court of Americus — Judge Harper. April 1, 1922.

Stallings sued Owens for a commission alleged to be due him for having arranged for Owens an exchange of real estate belonging to him for other real estate, belonging to third persons named Smith. The trial of the case resulted in a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

It appears that a contract of exchange was entered into between the defendant and the Smiths, in which it was agreed that $500 commission was to be paid to the plaintiff by the parties to the agreement, and that subsequently this agreement was rescinded by mutual agreement between the defendant and the Smiths; and it appears, from the evidence for the defendant, that the instrument was then destroyed. The defendant contends that it was rescinded on account of his being unable to procure from the Smiths a satisfactory abstract of title to the land for which his own was to be exchanged. He contends also that in this agreement with the Smiths it was specifically agreed, with the knowledge and consent of the plaintiff, that the sale was not to go through unless an abstract of title satisfactory to him should be furnished. According to the defendant's contention, the destroyed agreement provided also that the commissions were not to be paid unless the exchange was consummated. This the plaintiff denied. It was testified that the Smith land was described as lying and being in the third district of Calhoun county, Georgia, aggregating 1252 acres, more or less, and known as the "Old John Colley Place." It appears that, in naming the land lots comprising this place, one of the lots was designated as number 210, whereas that portion of the Colley place was in fact composed of lot number 191. The

record does not indicate that there was any question as to the title of the Smiths to the entire 1252 acres composing the " John Colley Place," as made up in part of lot number 191 instead of lot number 210. There was evidence by the attorney who represented the Smiths that he had succeeded in straightening out the confusion by procuring quitclaim deeds. The defendant, on cross-examination, testified as follows: " I had seen the land before I entered into this written contract down in Terrell county. . . I had gone over it, and knew where the boundaries were. I had inspected his place down there, and had the boundaries pointed out to me." Exception was taken to the following excerpt from the charge of the court: " If you should believe that the defendant here went upon that property, that he saw the metes and bounds of it, and that Smith Brothers were prepared to deliver him good title to the John Colley place, although you might believe that in describing particularly what comprised the John Colley place a wrong lot number was stated and the correct lot number omitted, yet under the law that was subject to be corrected by parol testimony."

Exception was also taken to the following instruction: " If one of the conditions of the agreement between defendant and Smith Brothers was that the abstract was to be satisfactory to him, if that was one of the conditions, then, relatively to this plaintiff, that would not mean that the defendant would be in position to exercise an arbitrary choice with reference to the abstract, but, in order to avail himself of that as a defense, he would have to exercise reasonable objections to the abstract, in contradistinction to a mere arbitrary or captious objection; and I charge you that if you should believe, under the range of this testimony, that the title to the property was good, and that Smith Brothers were in a position to deliver to defendant the John Colley place, as he contracted to get in exchange, then, although you might believe that it was unsatisfactory to him, that would not be availing as against the contention of this plaintiff, but it would have to be a reasonable objection."

*W. T. Lane & Son,* for plaintiff in error.

*J. S. Hixon, Stephen Pace,* contra.

JENKINS, P. J. (After stating the foregoing facts.) We do not think that either of the exceptions taken to the charge would

justify setting aside the verdict. In *Johnson* v. *McKay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166), the Supreme Court said: " A description in a mortgage of a tract of land as the ' Zachariah Emerson place, part of lots No. 125 in the 11th district ' in a named county, ' one part number not known,' and containing a specified number of acres, is not so indefinite and uncertain as to render the mortgage void. Extrinsic evidence may be resorted to to identify the land. . . The same is true of a description of a tract of land as ' The Thomas Bazemore place,' containing a given number of acres and adjoining lands of named persons. . . Where land is described as the Zachariah Emerson place, ' part of lots number 125 ' in a given district, ' one part number not known,' and it appears that no part of the placed named is embraced in lot 125, the lot number may be rejected as surplusage, under the maxim falsa demonstratio non nocet." In *Tyler* v. *Justice,* 120 *Ga.* 879 (48 S. E. 328), the court said: " An owner of land ' listed ' it with a real-estate broker, to be sold within a given time at a stated price, agreeing to pay the broker ten per cent. as commission if he sold it, and five per cent. commission if the owner should sell it. The owner sold it within the time specified in the agreement. In a suit against the owner by the broker for his commission, it appeared that the number of the lot was, by mutual mistake of the parties, erroneously stated in the contract, but that the land was otherwise described so as to be easily identified. *Held,* that, under the maxim ' falsa demonstratio non nocet ' (see *Farkas* v. *Duncan,* 94 *Ga.* 27), the mere mistake as to the number of the lot was not sufficient to defeat a recovery by the plaintiff."

In the instant case, we think the court substantially followed the rule of law above declared. Nor do we think that the other objection to the charge is meritorious, since the court submitted to the jury the question as to whether the defendant rejected the title upon reasonable cause or arbitrarily and capriciously. This we think is substantially a correct statement of the rule governing in such cases. See *City of Rome* v. *Breed,* 21 *Ga. App.* 805 (95 S. E. 874).

*Judgment affirmed. Stephens and Bell, JJ., concur.*