16333. McKENZIE TRUST COMPANY *v.* BULLARD *el al.*

1. The objections to the part of the record sent to this court as the report of the evidence taken before the auditor are not ground for dismissal of the writ of error.

2. It was error to admit parol evidence as to the defendant's refusal to allow the plaintiffs to contract for a loan larger than the amount fixed by subsequent written novation of their previous contract as the amount for which a loan should be placed upon the house and lot, the subject-matter of the contract.

3. The ruling of the Supreme Court construing the petition in this case as an action on a contract and transferring the case to this court fixed the law of the case, and the demurrer on the ground that there was a misjoinder of causes of action ex contractu and ex delicto was properly overruled; but the findings of the auditor as approved by the court were based upon evidence erroneously admitted and upon an erroneous theory and measure of damages, and, the case being one in law, the court erred in failing to submit to a jury the exceptions of fact to the auditor's report.

DECIDED FEBRUARY 13, 1926.

Complaint; from Fulton superior court—Judge E. D. Thomas. February 19, 1924.

*McElreath & Scott,* for plaintiff in error. *Roy Lewis,* contra.

JENKINS, P. J. The petition of Bullard and Powell against McKenzie Trust Company waived discovery and sought an accounting and the recovery of $3,975 from transactions growing out of a written contract, providing, with its amendment, in brief, that the defendant trust company was to deed a lot to the plaintiffs, who were architects and builders, for the sum of $1,400; that the plaintiffs were to build a house thereon to cost not less than $3,000, and, for the purpose of defraying the cost of such improvements,

---

Accounts and Accounting, 1 C. J. p. 646, n. 69.

Appeal and Error, 4 C. J. p. 156, n. 36; p. 443, n. 54 New; p. 490, n. 41; p. 518, n. 27 New; p. 1213, n. 83.

Courts, 15 C. J. p. 961, n. 36.

Evidence, 22 C. J. p. 1098, n. 96.

References, 34 Cyc. p. 865, n. 27 New.

were to obtain a loan on the house and lot in the sum of $2,500 (the defendant advancing for such improvements an additional sum of $465) ; that after obtaining such loan the plaintiffs were to reconvey title (subject to the loan) back into the defendant; and that the equity in the property ,was then to be sold, and the proceeds of the sale were to be applied first in extinguishing the said advance by the defendant of $465, and were then to be divided equally between the parties as fast as collected until the payment of the said'$1,400, with interest, to the defendant for the lot, after which all the remaining proceeds should go to the plaintiffs. The plaintiffs averred that the defendant, by fraud and conspiracy, privately disposed of the said premises, knowing of the equitable rights of the plaintiffs therein, and fraudulently converted the proceeds to its own use, and failed to make·any accounting to the plaintiffs; that the defendant rented the property without accounting to them for the rentals received, and "did defraud these plaintiffs by failing to pay one half of all sums of money received on the purchase-price of said premises;" that the premises at the time the defendant sold the same "were reasonably worth more than $7,000," and the defendant "did receive said sum, . . or could have received said sum . . had it exercised honorably the terms of said agreement and the trust therein created with ordinary business judgment;" by reason of which conduct the defendant was indebted to the plaintiffs in the amount claimed. The trust company demurred to the petition upon the ground that "it contains a misjoinder of causes of action, it being based in part upon alleged contract and agreement, and in part upon charges of fraud and wrongs against this defendant." The demurrer was overruled, and exceptions pendente lite were taken.

In the written novation modifying the original written contract it was stated that "the said Bullard & Powell have not been able to secure a loan of $3,000 on said property, as contemplated in said [original] contract," that "the McKenzie Trust Company has advanced to said Bullard & Powell the sum of $465 in payment of certain materials and labor used in construction of house on above described property," that "the McKenzie Trust Company has agreed to allow the said Bullard & Powell to place a loan of $2,500 on said property, and deed it subject to said loan, according to terms of said [original] contract;" and it is provided that the

said $465 plus interest from date at 7 per cent. shall be first repaid from "monies collected from the sale of said property;" and that the balance of purchase-money shall be collected by the defendant trust company in accordance with the terms of the original agreement, as alleged in substance in the petition, and above set forth. The auditor to whom the case was referred by the trial court admitted in evidence proof tending to show that the defendant, prior to the written novation fixing the amount of the loan at $2,500, wrongfully refused to permit the plaintiffs to obtain a loan of $3,500 on the property, and he considered this amount as an element in his findings of damages for the plaintiffs. The auditor found that "the sale made by the defendant was not made in good faith," and that the defendant should have realized $6,500 instead of $4,250 out of the sale, but found in favor of the defendant certain items of counterclaim, consisting of expenses incurred in the payment of interest on the loan, insurance, premiums, taxes, upkeep of the property, advances made to complete the construction, and commission paid in making the sale, amounting, with the $465 advance referred to in the novation and interest, to $1,451.02. He summarized his findings as follows: "I find that the property in question was reasonably worth and should have been sold for $6,500; that the difference between this amount and $3,500, the largest loan obtainable on said property, should be divided equally between the plaintiffs and the defendant; that the defendant, having sold the property, is liable to the plaintiffs for their half of said difference, to wit, $1,500; that the defendant is entitled to a credit on sale amount of $451.02, leaving a net balance due the plaintiffs of $1,048.90, with interest on said amount from May 12, 1919, the date of the sale of said property by the defendant." The defendant admitted that it had collected a net amount of $47.50 from rentals. On exceptions of law and fact filed by the defendant the trial judge passed upon and overruled all exceptions of law and fact, and approved the auditor's report, except to allow to the defendant interest upon its expenses to the date of sale of the property, in an additional amount of $48.98, and entered a judgment for the plaintiffs for $1,000 with interest at 7 per cent. from May 19, 1919. The plaintiffs excepted to this judgment.

1. "An auditor's report of the evidence taken by him upon the hearing of a case constitutes a portion of the record thereof, and

may be specified and dealt with as such in bringing that case to this court." *Arendale* v. *Smith*, 107 *Ga.* 494 (1) (33 S. E. 669). In such a case, it is unnecessary for the trial judge to approve the evidence thus filed by the auditor, as is required on motions for a new trial; and where the bill of exceptions properly specifies such evidence as part of the record to be sent up, and the clerk certifies that the record sent to this court is a "true transcript" of the parts of the record specified, this court can not consider an aliunde unsworn attack on such transcript, made in a motion to dismiss on the ground that the evidence sent up is not the evidence filed by the auditor. Nor in a case before an auditor, where the auditor certifies in his report that, "by agreement of attorneys for both parties, the stenographic transcript of evidence is submitted . . in lieu of a brief of the evidence," is it necessary that the evidence shall have been briefed in condensed and narrative form. *Fricker* v. *Americus Improvement Co.*, 124 *Ga.* 171 (2) (52 S. E. 65); *Schmidt* v. *Mitchell*, 117 *Ga.* 6 (1) (43 S. E. 371). Moreover, an imperfect brief of evidence is not ground for dismissal of the bill of exceptions, but merely of exclusion from consideration by the court of those exceptions which depend upon the evidence. *Crumbley* v. *Brook*, 135 *Ga.* 723 (70 S. E. 655); *Shaine* v. *Block*, 28 *Ga. App.* 329 (1) (111 S. E. 79); *Walker* v. *Smith*, 31 *Ga. App.* 205 (121 S. E. 692). The motion to dismiss is therefore denied.

2. The parties by their written novation, modifying the original written contract, having fixed and agreed upon the sum of $2,500 as the amount for which a loan should be placed upon the house and lot which formed the subject-matter of their agreement, the auditor erred in admitting, and considering as an element in his finding of damages for the plaintiffs, parol evidence which varied the express written provision by attempting to show that the defendant, prior to the novation, had wrongfully refused to allow the plaintiffs to contract for a larger loan of $3,500 on the property; and the court erred in overruling the defendant's exceptions to the admission and consideration of this evidence, and in approving the auditor's findings based upon this as an element of damage.

3. On the bill of exceptions brought to the Supreme Court by the defendant below, in which the judgment approving the auditor's report, except by adding an allowance for interest on the principal

amount allowed to the defendant on its counterclaim, was complained of, the Supreme Court held: "Properly construed, the petition and counter-petition constitute plain actions of law based on contract, and the remedies provided by law are adequate; for which reason it follows that equity has no jurisdiction, notwithstanding the waiver of discovery and the prayer for accounting, there being no facts alleged which show that resort to equity is necessary to secure an accounting," and that since that court was therefore "without jurisdiction to pass upon the assignments of error in the bill of exceptions," the cause should be transferred to this court. *McKenzie Trust Co.* v. *Bullard,* 159 *Ga.* 884 (127 S. E. 277). This ruling having fixed the law of the case, in construing the petition to be an action upon contract, the defendant's demurrer setting up a misjoinder of actions on contract and in tort is held to have been properly overruled; but the findings of the auditor as approved by the court, set forth in the summary embodied in the statement of facts, were unauthorized by the theory and allegations of the pleadings. Under the pleadings and the auditor's findings that the sale of the house and lot by the defendant at the price received amounted to a fraud against the plaintiffs, the plaintiffs were entitled to receive the fair and reasonable sale value of the equity in the house and lot at the time it was sold by the defendant, with interest thereon, plus any amount received by the defendant from rentals, less the amount of the lien with which the property was incumbered, less the $465 originally advanced by the defendant, with interest, less the $1,400 representing the maximum purchase price of the lot as fixed by the contract with interest, and less all other charges, advances, and expenses, properly allowed by the auditor to the defendant on its counterclaim with interest. It will thus be seen that the auditor's findings and conclusions are based upon evidence erroneously admitted and upon an erroneous theory and measure of damages, and that, the case being one in law, the court erred in failing to submit the exceptions of fact to a trial before a jury.

*Judgment reversed. Stephens and Bell, JJ., concur.*