27162.  POPE *v.* TISON *et al.*

DECIDED MARCH 16, 1939.

*Ulmer & Dowell, Percy Paderewski, Connerat & Hunter,* for plaintiff.

*Hester & Clark,* for defendant.

BROYLES, C. J.  In this action a nonsuit was awarded, and the case was brought here by a direct bill of exceptions complaining of that judgment.  The defendants in error filed a motion to dismiss the writ of error on the ground that there is no proper brief of the evidence in the transcript of the record.  An examination of the purported "brief" of evidence discloses that it contains, not only the testimony adduced on the trial, but also objections of counsel to the admission of evidence and the rulings of the court thereon, colloquies between counsel, colloquies between counsel and the court, the motion for a nonsuit (including the grounds thereof and the citations of authorities therefor), the colloquy between the court and counsel for both parties as to whether the nonsuit should be granted, and finally the judgment of the court sustaining the motion and its reason therefor.  The insertion of such foreign and extraneous matters in the brief of the evidence is a palpable violation of the letter and the spirit of the Code, § 70-305, which provides, in substance, that the brief of evidence shall be a condensed and succinct brief of the material portions of the evidence, containing no immaterial or extraneous matter, "so as in every case to shorten the brief."  "A proper brief of evidence is as necessary as the approval of the brief by the trial judge."  *Mewborn* v. *Weitzer,* 15 *Ga. App.* 668 (84 S. E. 141).  In *Green* v. *Thomas,* 40 *Ga. App.* 744 (151 S. E. 556), it is stated:  "What purports to be a brief of the evidence in this case consists not only of testimony adduced upon the trial, but also of colloquies between the court and counsel, and rulings upon the admissibility and exclusion of testimony.  It therefore appears that no bona fide effort has been made to prepare a brief of the evidence, and the purported brief of the evidence will not be considered."  Numerous other decisions, to

the same effect, of the Supreme Court and this court could be cited. There being no proper brief of evidence in this case, and the determination of the sole assignment of error depending wholly upon the evidence adduced on the trial, the judgment awarding a nonsuit must be

    *Affirmed. Guerry, J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. Sometimes on a particular point, counsel in good, faith can not agree as to the effect of some of the questions and answers, and the judge is himself somewhat doubtful thereof, and to give this court a true idea and picture of what transpired in the court below allows or requests counsel to incorporate in the brief both the questions and the answers; and where, within reasonable limits, there is room for individual judgment as to what would be material to be included, I do not think the brief should be treated as no brief. I think the plaintiff in error in this case made a bona fide effort to brief the evidence, and notwithstanding the fact that there are some dialogues and objections of counsel contained therein which were not essential, and at the end of the brief it is recited that the evidence had closed and then further recited the grounds upon which a nonsuit was moved, citing two decisions therefor, and then recited that ground upon which the judge granted the motion for a nonsuit, I do not think it is such a flagrant violation of the statute providing for the making of a brief as to require this court to disregard it and decline to determine the questions involving consideration of the evidence. *Guaranty Life Ins. Co.* v. *Pughsley,* 57 *Ga. App.* 588 (3) (196 S. E. 265); *Crumbley* v. *Brook,* 135 *Ga.* 723, 726 (70 S. E. 655).

I do not think that we should say that it presented so gross a disregard of the statute as to be treated as no brief. *Blackburn* v. *Lee,* 137 *Ga.* 265 (73 S. E. 1); *Brown* v. *State,* 163 *Ga.* 684, 685, 687 (137 S. E. 31). However, I think the case should be affirmed on its merits.