29135. BOSTON INSURANCE COMPANY *v.* HARMON *et al.*

384.

DECIDED OCTOBER 6, 1941. ADHERED TO ON REHEARING DECEMBER 16, 19, 1941.

*Smith, Smith & Bloodworth, Estes Doremus,* for plaintiff in error.

*Charles H. Kirbo, Vance Custer,* contra.

GARDNER, J. J. C. Harmon, as the insured, and Gunn-Drake Motors Inc., as the loss payee, brought an action against Boston

Insurance Company, under a policy insuring against fire and other named hazards, to recover the principal sum of $157.50 as the alleged total loss by fire of an automobile. Following the introduction of testimony of only one witness and of certain documents consisting of the policy, the retention-title contract, two notes, one for $50 and the other for $107.50, secured thereby, and the fifth allegation of the petition alleging demand for payment together with the answer admitting demand, the court directed a verdict for the plaintiffs. The defendant excepted.

As succinctly stated in the brief of the plaintiff in error, the assignments of error present the following issues: "Plaintiff in error contends that the verdict and judgment is contrary to the evidence, without evidence to support it; it is decidedly and strongly against the weight of the evidence and contrary to law and the principles of justice and equity. The policy sued on required sole and unconditional lawful ownership in the insured, J. C. Harmon, there being no proof of ownership, nor was there any proof of the value of the property claimed to have been destroyed on the date of the loss. Plaintiff in error contends that the direction of said verdict for the plaintiffs was error and hurtful and harmful to it because of the facts hereinabove set forth. Said policy sued on further provided that all claims for loss and damage should be forfeited by the failure of the insured to furnish sworn proofs of loss within sixty days after the loss. Plaintiff in error shows that it affirmatively appears from the record that such requirement had not been complied with, that no proofs had been filed, nor was there any evidence tending to show that there was a waiver of proofs of loss, nor was there any evidence on the part of the plaintiffs as to why proofs were not filed. Plaintiff in error contends that in the light of these facts the court erred in directing a verdict for the plaintiffs, and error is assigned thereon."

For a consideration of these assignments of error reference must be had to the brief of evidence, and there are no assignments not requiring such reference. The oral testimony was as follows: "On or about January 27th, 1940, I was employed by Gunn-Drake Motors. I checked up on an automobile sold to J. C. Harmon which is described in retention-title contract held by Gunn-Drake Motors. The motor number of the automobile was K6324156. On the date mentioned I found this automobile had

been burned and that it would be called a total loss." This testimony was adequately briefed. The documentary evidence, however, comprised twenty pages of typewritten space, were verbatim copies of the documents, and consisted of about eighteen pages of foreign, irrelevant, and immaterial matter, resulting only in surplusage and a flagrant violation of Code § 70-305. We illustrate with excerpts, which have no relevancy for proper identification of the documents or materiality to the issues presented, but which go only to the violation of the rule. First as to the policy, we quote: "Breakage of glass and damages caused by tornado, cyclone, windstorm, hail, falling aircraft or parts thereof and damage from theft, earthquake, explosion, riot, riot attending a strike, insurrection or civil commotion, shall not be deemed a loss caused by collision or upset." From the retention-title contract, we quote: "To further secure payment of this obligation I hereby mortgage and convey to the Gunn-Drake Motors Inc., the following property: (none)." As to the notes, we quote: "Each of us, whether principal, security, guarantor, endorser or other party thereto, hereby severally waive and renounce each for himself and family all right of homestead, short homestead or other exemption rights, either of us or the family of either of us, may have under or by virtue of the constitution or laws of Georgia, or any other State, or the United States, as against this debt or any renewal thereof."

Under the foregoing rulings, there being no assignment of error which does not require for determination a reference to the brief of evidence, the judgment must be

*Affirmed. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. The suit in this case was brought in the short form, and stated that the written promise was an insurance policy, and that a copy of the policy was attached to the petition and marked "Exhibit A" and made a part thereof. The entire brief of evidence, excluding the exhibits, consists of a single page. Less than a dozen lines thereof contain the entire parol testimony. The brief of evidence then states: "The following documentary evidence was introduced by the plaintiff: The policy of insurance sued on, a copy of which is attached hereto and marked 'Exhibit A.' Retention-title contract executed by Harmon, dated October 25th, 1939, attached hereto and marked 'Exhibit B.' Note executed by Harmon on October 25th, 1939, for $50,

marked 'Exhibit C,' and note executed on the same date by J. C. Harmon for $107.50, marked 'Exhibit D.' " The exhibits were exact copies of the insurance policy (the contract sued on), the retention-title contract, and the note. The judge certified as follows: "The foregoing brief of the evidence and exhibits attached thereto are approved as correct and ordered filed as a part of the record in the case." The motion for new trial calls specific attention to two paragraphs in the insurance policy and quotes them, which paragraphs constitute the basis of the main controversy. I do not think this is such a flagrant violation of the statute providing for the making of a brief as to require this court to disregard it and decline to determine the questions involving consideration of the evidence. I do not think that we should say that it presented so gross a disregard of the statute as to be treated as no brief. *Pope* v. *Tison,* 59 *Ga. App.* 655 (2 S. E. 2d, 177); *Holmes* v. *Pope,* 1 *Ga. App.* 338, 340 (58 S. E. 281).

### ON REHEARING.

GARDNER, J. The movant insists that the court in rendering its judgment holding that there had been such failure of compliance with the Code, § 70-305, with reference to briefing of evidence as to require an affirmance of the judgment of the lower court, erred in its judgment; first, because the law (§ 20-704) requires that the construction which will uphold the contract (policy in this case) in whole and every part is to be preferred, and that the whole contract should be looked to in arriving at the construction of any part, and that for this reason the court should not penalize the inclusion of the entire documents in question; and because technical defects in practice (§ 6-1307) should not operate to deprive parties litigant of substantial rights, and because all questions, except those abandoned, raised in the motion for new trial (§ 6-1308) should be considered; second (2, 3 (no 4), 5, 6, 7, 8), the violations, if any in the instant case, were not, under § 70-305, such transgressions as were defined and inhibited under *Rogers* v. *National Cash Register Co.,* supra, *Rucker* v. *Tabor, Ryan* v. *Kingsbery,* cited in the opinion, supra, *Whelchel* v. *Duckett,* 91 *Ga.* 132 (16 S. E. 643), and other cases cited of similar import, as would bring the movant under the condemnation of the rule, and that the court has misconceived and misapplied the principles therein announced in the judgment rendered; third

(10) because, under the rules 17 and 18 of the court (1934), with reference to "briefs to be filed with the court," the movant filed a "succinct and accurate statement of such pleadings, facts, assignments of error, and issues of law as are made by such assignments," which was unchallenged by the respondent, and was, under the rules, an agreement that the decision of the case might be made upon that statement which might be accepted as prima facie true, and there "was then no necessity of even looking at the record, including the brief of evidence, and no occasion to examine and pass upon the merits or demerits of the latter in form or substance;" and fourth (9) because the court, under the principles announced in *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (33 S. E. 73), and *Peek* v. *Irwin,* 164 *Ga.* 450 (139 S. E. 27), has failed to recognize that in the instant case there was, if not an exact compliance, at least a bona fide attempt to comply with the statute.

In response to the above motion, the judgment of the original opinion is vacated to the extent as hereinafter modified and indicated. The grounds of the motion are considered, but numbered successively to those of the original opinion.

■ First. Whatever may be the application of the rules of construction of contracts *as a whole* (Code, § 20-704) on the many issues before the trial court, such application is invoked by this court only to the extent, directly or indirectly, that it may be raised by assignment of error, preserving for review any or all of those issues. Applied in the instant case, there was no such assignment of error as required the inclusion of the entire policy or the other documents in the brief of evidence, not even indirectly. As already pointed out in the original opinion by illustrative excerpt, there were about eighteen pages of irrelevant matter, with no bearing directly or indirectly, and entirely foreign to the issues presented by the assignments of error. Code § 6-1307 must be considered in consonance with § 70-305, and not as supplanting it, on questions raised under the latter. Effect is better given to the mandates of the former to the extent that there has been a sufficient compliance with the latter. In its relation to § 70-305, this is also true of § 6-1308.

■ Second. A careful review of the cases cited does not reveal any sufficient reason for the court to alter or abandon the principles as applied to the *literal* insufficiency of the briefing of the documents in question in the instant case.

390

■ Third. Rules of the court do not, and can not, suspend the force of statutory law (unless in any statute so provided). Obedience to the law is no less obligatory upon judges than the laity, even though the statute be meant expressly for the benefit of the former and might be disregarded by them with impunity. In this case the contention is entirely without merit that there "was then no necessity of even looking at the record including the brief of evidence, and no occasion to examine and pass upon the merits or demerits of the latter in form or substance." A "succinct and accurate statement" in the brief of the plaintiff in error "of . . pleadings, facts, assignments of error, and issues of law as are made by . . [the] assignments," unchallenged by the defendants in error, will not suspend the requirement of the record before this court containing a brief of evidence *properly briefed.* The rules in question did not suspend the force of Code § 70-305. The provisions of the latter remained of force and were obligatory, on the movant to conform, and on the court to apply them in the instant case.

■ The court has not failed to recognize the principle that where there has been a bona fide attempt to brief the evidence the court should nevertheless consider the assignments of error, though the brief be defective. The authorities to this effect are cited in the original opinion. But the earnest and sincere insistence of eminent counsel that the brief of evidence submitted by them was a sufficient compliance with the Code, § 70-305, moves the court to look further to the bona fides of the efforts of counsel to comply with this statute. This term is relative; its application is quantitative. While literal noncompliance will *usually* be *conclusive* of lack of bona fides, it will not necessarily be in all cases. In the instant case the oral evidence, consisting of a few lines, was perfectly briefed. But, as pointed out in the original opinion, that alone would not be sufficient. Immediately following the narrated oral evidence and a statement that the plaintiffs offered in evidence a certain part of the defendant's answer, identifying the reference, movant set forth the following references. We quote: "The following documentary evidence was introduced by the plaintiffs: the policy of insurance sued on, copy of which is attached hereto and marked 'Exhibit A;' retention-title contract executed by Harmon dated October 25th, 1939, attached hereto and

marked 'Exhibit B;' note executed by Harmon on October 25, 1939, for $50, marked 'Exhibit C,' and note executed on the same date by J. C. Harmon for $107.50, marked 'Exhibit D.'" Then came the verification of movant, both as to the oral and documentary evidence, as follows: "The foregoing page contains a true and correct copy of the oral evidence introduced at the trial of this cause, the exhibits referred to are true and correct, and this brief of evidence is true and correct." Next came the approval of the trial judge, as follows: "The foregoing brief of the evidence and exhibits attached thereto are approved as correct, and ordered filed as a part of the record in the case of J. C. Harmon et al., versus Boston Insurance Company, number 1036, in the city court of Bainbridge." Next followed the exhibits, comprising twenty pages.

Up to this point whatever may have been, as a matter of mechanics, the right of the movant to have included in the brief (after the oral evidence and preceding the verification, except where documents are a part of the pleadings) proper abstracts of the documents, the *mechanics* of setting forth the brief of evidence were entirely sufficient, and to that extent a *literal* compliance with the statute. The Code, § 70-305, provides as to documentary evidence: "In such brief there shall be included the substance of all material portions of all documentary evidence. Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same." In *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (2) (supra), the court held: "The court will not . . review the evidence where it appears on the face of the bill of exceptions that no bona fide attempt has been made to comply with the statute by making out a proper brief of the evidence, but a large part of the same has been brought here in full without eliminating the formal, immaterial, and irrelevant parts of documents and affidavits." To the same effect is *Harris* v. *McArthur,* 90 *Ga.* 216 (3) (supra). In *Cash* v. *Lowry,* 91 *Ga.* 197 (2) (17 S. E. 121), the court held: "The evidence introduced at the hearing below consisting of numerous writings . . and the same not having been *briefed or abstracted* nor any attempt having been made to prepare a brief as distinguished from the evidence in full, and a large proportion of the contents of the papers being utterly immaterial, the act

above referred to is no more complied with by *bringing up* such a medley of material and immaterial matter than it would have been by omitting the evidence altogether." (Italics ours.) It is therefore clear from the foregoing authorities, as well as numerous others unnecessary to cite, that documents as well as oral evidence must be briefed or abstracted.

The key requirement of Code § 70-305 with reference to including the documentary evidence in the brief of evidence is: "In such brief there shall be included the substance of *all* material portions of *all* documentary evidence;" save that this provision is qualified by the next succeeding provision, which is: "Documentary evidence copied as an exhibit [originally to the pleadings, as a part thereof] or [otherwise] set out in the pleadings [as a part thereof], and introduced in evidence, shall not be set out in the brief except by reference to the same." (Italics and brackets ours.) It may be that some counsel have interpreted this qualifying provision as if in effect that, so long as the documents are copied as *exhibits* and bear *that indiciœ* and are *not* included *within* the "brief" (subsequent to the narrated oral evidence and before the verification), such documents in extenso may be *attached* to the "brief," provided they be referred to therein. We think the *construction of this provision is as indicated in the brackets inserted*. The term "exhibits," as used by the statute, means only those which are parts of pleadings.

Further, we can not say but that there generally has been given a too restricted interpretation of the term "brief." It must at all times be borne in mind that the enactment and the force of this statute were intended to be for the benefit of the court, both in time and facility, in deciding cases brought to this court, as well as the Supreme Court, and that to that end it was intended that only those portions of the oral and documentary evidence which are relevant and material, not to the many issues that may have been before the trial court, but only to the issues preserved by the assignments of error, general and special, should be included in the brief of evidence. So, whatever may have been or may be the scope of the term within the purview of the statute to permit inclusion in the "brief" (following the narrated oral evidence and before the verification) of material portions of the documentary evidence, whether substance, extracts, or excerpts, other than those

arising from documents a part of the pleadings, when such substance, extracts, or excerpts are, as a matter of mechanics, preferred to be denominated "exhibits" and attached to the "brief" and referred to therein, the scope of the term is yet sufficient to include them as part and parcel of the brief of evidence as contemplated by the statute (notwithstanding the references to such may be made in the "brief" following the narrated oral evidence and before the verification). This interpretation of the term "brief of evidence" is thus enforced; otherwise, the provisions as to briefing of all documents could, at the option of any plaintiff in error, provided he properly briefed the *oral* evidence and referred to the attached "exhibits," might *under the indicia of this word,* bring to this court all documents of all character and description, of all degrees of relevancy or irrelevancy, materiality or immateriality, provided they were introduced in evidence in the trial court and were not a part of the pleadings, in scores or hundreds of pages, and this court, though under the press of many cases to be decided, would in any particular case be required tediously and meticulously to examine such a record identified by the plaintiff in error in the bill of exceptions or in the index of the record as a "brief of evidence." Furthermore, if the term "brief of evidence" as to scope was not so extensive, then the exhibits, though "riders" of the brief of evidence, would be nothing more than anomalies, and estrays in the record, unidentified by certification in the bill of exceptions and unprovided for by authority of law. In such event, they would be entitled to no reference or consideration by the court whatever.

It is apparent that *it is not the mechanics or arrangement, but the brevity of all evidence, oral and documentary, pertinent to the issues presented under the assignments of error, that results in aid or benefit to the court, as contemplated by the statute,* and, more fundamental still, results in a "more efficient administration of justice." *Fuqua* v. *Hadden,* 192 *Ga.* 654, 665 (16 S. E. 2d, 728).

That movant, who set aside less than one page to the oral evidence and about twenty to the exhibits, so understood the scope of the term is manifest when in the bill of exceptions it referred to that as necessary to be included in the record, as the "brief of evidence, filed April 28, 1941," and in the index as the "brief of

evidence, pages 11 to 32," and when the verification of that which is above referred to declared as true and correct *both* the oral evidence and the exhibits comprising the documentary evidence in extenso. However, in the light of the foregoing discussion, we can not say that movant did not make a bona fide effort to comply with the statute, and such ruling made is restricted to this case alone. Accordingly, the judgment rendered in the original opinion is to this extent modified, and the assignments of error will be considered on their merits. But in conclusion it must be observed that should in any event an assignment of error require the inclusion of the document as a whole (which was not true in the instant case) as material to a proper consideration of the issues preserved and presented by the assignments of error, a copy of the document in extenso should be included as a proper part of the brief of evidence, as above defined. *City of Macon* v. *Ries,* 180 *Ga.* 371 (2) (179 S. E. 529).

■ A succinct statement of the assignments of error as compiled by the plaintiff in error in its brief is incorporated in the foregoing original opinion. The statement need not here be repeated.

On the question whether the plaintiffs proved, prima facie, sole and unconditional ownership in Harmon, one of the plaintiffs, of the burned automobile, as required under the policy insuring the automobile against loss by fire, it appears that the plaintiffs introduced, unchallenged, the contract of sale, dated October 25, 1939, from Gunn-Drake Motors Inc. to J. C. Harmon, conveying the automobile but reserving title to secure notes representing the remainder of the unpaid purchase price; one for $50 and the other for $107.50. In this contract the automobile was identified as one used 1936 Chevrolet, Motor No. K 6324156. Plaintiffs also introduced the insurance policy, dated October 25, 1939, issued to Harmon and providing insurance against fire of an automobile identified as a 1936 Chevrolet, Motor No. K 6324156, and with loss payable "as interest may appear to assured [Harmon] and Gunn-Drake Motors Inc." The protection provided was to the extent of $200. An employee of Gunn-Drake Motors Inc., on behalf of the plaintiffs, testified: "I checked up on an automobile sold to J. C. Harmon which is described in retention-title contract held by Gunn-Drake Motors Inc. The motor number of the automobile was K 6324156," and that this automobile had burned and was

a total loss. The defendant introduced no evidence in rebuttal. This evidence was sufficient to prove, prima facie, sole and unconditional ownership of the automobile in Harmon, under the requirements of the policy in which was recognized the interest of Gunn-Drake Motors Inc.

As to the proof of value of the car at the time of the burning, the plaintiffs proved a prima facie right of recovery. On October 25, 1939, the automobile was purchased at a price of $325. On January 27, 1940, it became a total loss. As apparent, there was intervening a period of about three months. In the absence of any evidence of the condition of the automobile at the time of the loss, as to wear and tear, wrecks in which the automobile may have figured, or no wrecks, and of any other facts or circumstances showing the condition of the car, it must be said that the foregoing evidence is extremely weak. However, in the absence of any evidence of collusion or fraud originally in setting up the purchase price of $325, such figure of the then value must be taken as an established circumstance acceptable as competent proof. Therefore, it can not be said that three months later the automobile at the time of the loss was not of a value to the extent at least of $168.50, especially when, nothing appearing to the contrary, it may be taken that the prevalence of wear and tear, and other impairing factors, is of those which are ordinary and usual, rather than of those which are extraordinary and unusual, so that the degree of deterioration in the condition of the automobile did not, over the three months, reduce the value to a figure less than $168.50.

The remaining assignment of error presents the question whether the plaintiffs complied with the condition under the policy precedent to the right of recovery on the substantive merits of the cause; that of filing with the company, within sixty days of the loss, due proofs of the loss, of the character required by the policy. In this connection, the plaintiffs alleged "that demand has been made upon the Boston Insurance Company and they have denied liability and refused to make payment." On admitting residence, the insurance, etc., and requiring strict proof of the alleged loss, the defendant answered: "this defendant admits that demand has been made upon it and that it has denied liability, and says further that it is not indebted to petitioner in

the sum named or in any sum whatsoever." Then the defendant, by further plea, set up the defense of double insurance, and named the company with whom the other insurance was carried, in violation of the terms of the policy with Harmon, and averred that payment had been made under that policy, and pleaded that such violation rendered the policy null, void, and unenforceable. Additional to other evidence on other issues, the plaintiffs introduced the foregoing response of the defendant that they had made demand for payment and that the company had denied payment. The company, abandoning its plea of double insurance and voidability of the policy for that reason, introduced no evidence whatever, but relied defensively upon the failure of the plaintiffs to make out a prima facie case of recovery.

"The right of an insurance company to require preliminary proof of loss under the terms of a fire-insurance policy is, upon denial of any liability, waived." *Central Manufacturers Mutual Insurance Co.* v. *Graham,* 24 *Ga. App.* 199 (3) (99 S. E. 434); *Washington National Insurance Co.* v. *Dukes,* 53 *Ga. App.* 293, 296 (185 S. E. 599). In this connection this court, in *Life Insurance Company of Virginia* v. *Williams,* 48 *Ga. App.* 10, 19 (172 S. E. 101), said: "It is the settled law of this State that where an insurance company, within the time for presenting proof of loss, denies liability or refuses to pay the loss, it thereby waives the necessity of furnishing such proof. Civil Code (1910), § 2490; *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299); *Central &c. Ins. Co.* v. *Graham,* 24 *Ga. App.* 199 (99 S. E. 434); *Union Fire Ins. Co.* v. *Stone,* 41 *Ga. App.* 49 (6) (152 S. E. 146). It has been held by numerous authorities in this State that an absolute refusal to pay or a denial of liability under the policy, made by an authorized agent of the insurer, waives the requirement of proof of loss. *Ætna Ins. Co.* v. *Sparks,* 62 *Ga.* 187 (6); *Merchants' & Mechanics' Ins. Co.* v. *Vining,* 67 *Ga.* 661; *Liverpool &c. Ins. Co.* v. *Ellington,* 94 *Ga.* 785 (3) (21 S. E. 1006); *Phenix Ins. Co.* v. *Searles,* 100 *Ga.* 97 (4) (27 S. E. 779); *Moore* v. *Dixie Fire Ins. Co.,* 19 *Ga. App.* 800, 803 (92 S. E. 302); *Williams* v. *Atlas Assurance Co.,* 22 *Ga. App.* 661 (97 S. E. 91)."

Applying these principles in the instant case, it is apparent that a demand and unconditional refusal to pay, resulting in waiver,

was proved, save that the evidence as such does not *literally* set up that waiver as arising during the sixty-day period in question. However fatal this would have been to the plaintiffs' cause as against a denial of the plaintiffs' allegation that they had made demand and the company had refused to pay, yet such is not true when the company admits the demand and its refusal, and then does not in the admission question the issue further, but proceeds to defend solely upon the substantive merits of the cause. Having admitted the waiver (unconditional refusal to pay) the company with full knowledge of all the facts must be held to have admitted the timeliness of the waiver when it fails to qualify the admission to bar such inference. Therefore, the evidence was sufficient to show an unconditional refusal to pay and a consequent waiver, relieving the plaintiffs of performance of the condition as to furnishing proofs precedent to their right of recovery on the substantive merits of the cause.

The general assignments of error are without merit.

*Judgment adhered to. Broyles, C. J., concurs.*

MacINTYRE, J., concurring specially. I think the judgment should be affirmed on the merits of the case; but I do not concur in all that is said by the majority on rehearing. While the brief of evidence is faulty and contains superfluous matter, it is not in such flagrant violation of the statute providing for the making of a brief as to *require* this court to disregard it and decline to determine questions involving a consideration of the evidence. *Russell* v. *Tucker,* 136 *Ga.* 136 (9) (70 S. E. 1018); *Thompson* v. *State,* 12 *Ga. App.* 201 (76 S. E. 1072); *Owen* v. *Stallings,* 29 *Ga. App.* 241 (114 S. E. 904).