38423. STATE HIGHWAY DEPARTMENT v. ROGERS *et al.*

CARLISLE, Judge. 1. The assignment of error before this court is on the judgment of the trial court overruling the amended

motion for a new trial. The motion contains the usual general grounds and five special grounds, four of which assign error on portions of the charge as not pertinent to the issues in the case, or not adapted to the evidence, or not supported by the evidence. One ground assigns error on a portion of the charge as being an incorrect abstract statement of the law. Attached to the motion is a purported brief of the evidence consisting of approximately 96 pages in the record, of which at least 20 pages consist of statements of objection to the evidence, rulings of the court on admitting and excluding evidence, colloquies between court and counsel, evidence excluded by the court, and like material. Such a purported brief of the evidence is not proper and cannot be considered by this court in passing upon the grounds of the motion for a new trial. *Pope v. Tison,* 59 Ga. App. 655 (2 S. E. 2d 177); *Progressive Life Ins. Co. v. Wallace,* 61 Ga. App. 245 (6 S. E. 2d 398); *Reese v. Wilder,* 94 Ga. App. 49 (93 S. E. 2d 416).

2. Neither can this court consider documentary evidence in the form of plats, maps, etc., as exhibits but not made a part of the approved brief of the evidence, and no question requiring a reference to such exhibits can be passed upon by this court. The purported brief of the oral testimony in the case is followed immediately by the judge's certificate approving it as a true and correct brief of the evidence adduced upon the trial of the case. Following that certificate is a brief of the exhibits introduced for the plaintiff, the condemnee and the intervenor, and following that is the agreement of counsel that the foregoing pages constitute a true and correct brief of the evidence adduced upon the trial of the case. Next in order in the record are the exhibits themselves, some of which are sent up separately from the record due to their size and are merely referred to in the record by the clerk of court's notation on a blank page. However, all of the references to exhibits and the exhibits themselves appear in the record following the approval of the brief of the evidence by the trial judge, which approval approves the "foregoing ninety-six (96) pages of typewritten matter" as the brief of the evidence. The record contains no verification of the matter following the judge's certificate in the record. "Under well settled rulings of the appellate courts, exhibits which are not contained or briefed in the approved brief of evidence or the certified bill of excep-

tions or approved grounds of the motion for new trial, and which are not specially verified or identified by the judge, cannot be considered; and exceptions which require reference to such exhibits cannot be passed upon." *Warnell v. Ponder,* 54 Ga. App. 1, 2 (2) (187 S. E. 261); *Hoppe v. McGee,* 56 Ga. App. 393 (1) (192 S. E. 657).

3. It is not proper to include in the brief of the evidence matter stricken by a ruling of the trial judge on an objection to evidence. *Williamson v. Yakupian,* 211 Ga. 61 (84 S. E. 2d 15).

4. There being no legal brief of the evidence in this case, assignments of error which require a consideration of the evidence will not be passed upon, and the ruling of the trial court in overruling grounds of the motion for a new trial which require a consideration of the evidence for their review will be affirmed. *Boston Insurance Co. v. Harmon,* 66 Ga. App. 383 (1) (18 S. E. 2d 84); *Anderten v. State,* 92 Ga. App. 544(1) (88 S. E. 2d 719); *Fulmer v. Baber,* 95 Ga. App. 576(2) (98 S. E. 2d 164); *Williamson v. Yakupian,* 211 Ga. 61, supra.

5. All of the grounds of the motion for a new trial in this case require a consideration by this court of the evidence, including the exhibits, for a clear understanding of the questions raised and for their proper disposition. This is, of course, true of the general grounds which require a consideration of the evidence to ascertain whether the evidence authorized the verdict, and is likewise true of the special grounds complaining of portions of the charge as not being adjusted to the issues in the case, nor adapted to the evidence in the case, and also of those special grounds of the motion which assert that a portion of the charge was abstractly incorrect which will not require a reversal of the case where the evidence demanded the verdict rendered. *Grady County v. Banker,* 81 Ga. App. 701, 708(6) (59 S. E. 2d 732); *Hardin v. Knox Corp.,* 93 Ga. App. 491(4) (92 S. E. 2d 249). Since none of the grounds of the motion can be considered, the only judgment which this court can render is one of affirmance.

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED SEPTEMBER 12, 1960.

*Eugene Cook*, Attorney-General, *E. J. Summerour, Carter Goode, Paul Miller*, Assistant Attorneys-General, *Wright & Reddick, Graydon D. Reddick*, for plaintiff in error.
*McDonald & McDonald, J. C. McDonald*, for Rogers.
*Mixon & Forrester, John R. Rogers*, for Jackson, Intervenor.