## 39704. KRAMER v. STATE HIGHWAY DEPARTMENT.

NICHOLS, Presiding Judge. The State Highway Department brought a condemnation proceeding against the condemnee's property. On appeal to the jury, Judge Knight having disqualified himself, the case was heard by Judge Foster. Thereafter, the condemnee's motion for new trial was overruled and she now excepts to such adverse judgment. *Held*:

1. At least one-half of the seventy-eight pages of testimony contained in the purported brief of evidence includes either motions to rule out evidence, objections to evidence, rulings of the court on various objections and motions, colloquies between counsel and between counsel and the court, and various other irrelevant matter. "This court will not undertake to separate material evidence from extraneous matter where counsel have not undertaken to do so, and will not pass upon assignments of error requiring a consideration of the evidence where the evidence is not in proper form for consideration. *Brown v. Clarke*, 211 Ga. 61 (84 SE2d 14); *Williamson v. Yakupian*, 211 Ga. 61 (84 SE2d 15); *Boston Ins. Co. v. Harmon*, 66 Ga. App. 383 (1) (18 SE2d 84)." *Satterwhite v. Mansfield*, 91 Ga. App. 450 (85 SE2d 802). Accordingly, neither the usual general grounds of the motion for new trial nor the special grounds, with the exception of the last such special ground, will be considered as each of such grounds requires a consideration of the evidence.

2. The last special ground complains that the jury was drawn by a disqualified judge. Judge Knight, Judge of Carroll Superior Court, who had represented the condemnor prior to his election and had disqualified himself, had drawn the jury panels. No objection appears to have been made before the trial of the case, and there is no contention that the plaintiff in error or her counsel did not know of the alleged defect in the drawing of the jury panel. "When parties are furnished with a list of the jury it is their duty, if they know that any of the jurors are disqualified, to call attention to the same, or the disqualification will be held to have been waived." *Moore v. Farmers Mut. Ins. Assn.*, 107 Ga. 199, 209 (33 SE 65). See also *Jennings v. Autry*, 94 Ga. App. 344 (94 SE2d 629). Therefore, assuming, but not deciding, that the contention of the condemnee (that a judge disqualified from hearing the case is also disqualified from drawing the jury panel), is cor-

rect, yet where no objection is made until after an adverse verdict and no showing is made that the losing party or her counsel did not know of such purported disqualification until after verdict such alleged disqualification is waived.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 20, 1962—
REHEARING DENIED OCTOBER 3, 1962.

*Shirley C. Boykin, William P. Johnson,* for plaintiff in error.
*Eugene Cook, Attorney General, Carter Goode, Assistant Attorney General, Herbert M. Crane, Jr., William J. Wiggins,* contra.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

